**STATE of Minnesota, Respondent,**

**v.**

**Jason Patrick GELLER, Petitioner, Appellant.**

**No. CX–02–970.**

Supreme Court of Minnesota.

July 24, 2003.

John M. Stuart, State Public Defender, Steven P. Russett, Assistant State Public Defender, Office of the State Public Defender, Minneapolis, MN, for Appellant.

Mike Hatch, Attorney General, St. Paul, MN, Timothy R. Faver, Beltrami County Attorney, Randall R. Burg, Assistant County Attorney, Bemidji, MN, for Respondent.

## OPINION

PAGE, Justice.

Appellant Jason Patrick Geller pled guilty to first-degree burglary in violation of Minn.Stat. § 609.582, subd. 1(b) (2002), and fleeing a peace officer in a motor vehicle in violation of Minn.Stat. § 609.487, subd. 3 (2002). Geller was sentenced to the presumptive guidelines sentence of an executed term of 48 months on the burglary conviction. For the fleeing conviction, the district court sentenced Geller to a consecutive 24-month executed prison term,[1] which is an upward durational departure from the sentencing guidelines. The presumptive sentence for the fleeing-a-peace-officer charge is one year and one day stayed.

The district court did not state on the record at the time of sentencing the reasons for departure as required by the sentencing guidelines and this court's decision in *Williams v. State,* 361 N.W.2d 840 (Minn.1985). Geller appealed to the court of appeals to have the sentence on the fleeing conviction reduced to the presumptive guidelines sentence because of the district court's failure to provide reasons for the departure. The court of appeals held that the sentencing court erred when it departed from the presumptive sentence without stating on the record at the time of sentencing the reasons supporting the departure. On remand, the court of appeals ordered the sentencing court to "either state the reasons on the record for the departure or impose the presumptive sentence for the fleeing offense." We granted Geller's petition for review in which he argues that the court of appeals' remand permitting the sentencing court to place its departure reasons on the record after the fact was impermissible. We agree and therefore reverse the court of appeals and remand to the sentencing court for imposition of the presumptive guidelines sentence.

On September 25, 2001, the Beltrami County Sheriff's Department received a report of a residential burglary from which the burglars fled in a Chevrolet Beretta. The Beretta was subsequently spotted by the police and a high-speed chase ensued at speeds that at times exceeded 100 miles per hour and that covered a distance of approximately 50 miles. During the chase, a bag of marijuana and three long guns were thrown from the car. The chase ended when the Beretta flipped onto its side. The guns, and a safe found in the car, had been taken from the burglarized home. Geller was driving the car, and his friend, Randy Stebe, was a passenger.

At the time of the offense, Geller was 16 years old. After being certified for trial as an adult, Geller pled guilty to both the

---

1. Consecutive sentencing is permissive and not a departure from the sentencing guidelines when the defendant is sentenced for fleeing a police officer in addition to another crime committed as part of the same conduct. Minn.Stat. § 609.035, subd. 5 (2002); Minnesota Sentencing Guidelines II.F.6.

burglary and fleeing charges in exchange for the prosecutor's agreement to recommend that Geller receive concurrent, rather than consecutive, sentences. At the plea hearing, Geller attempted to minimize Stebe's involvement in the offenses. He did this not knowing that Stebe had already pled guilty for his involvement. The district court accepted the plea and, noting his displeasure with Geller's attitude and conduct during the plea colloquy, informed the parties that he was considering a departure from the presumptive sentences.

The district court gave the parties the opportunity to brief the departure issue. The prosecutor, while continuing to recommend concurrent sentences, argued for an upward durational departure for each conviction. The district court imposed the presumptive sentence for the burglary conviction and a consecutive 24–month executed sentence for the fleeing conviction, which is double the presumptive sentence.

■■■ We review a sentencing court's departure from the sentencing guidelines for abuse of discretion. *State v. McIntosh*, 641 N.W.2d 3, 8 (Minn.2002). For sentencing departures, the guidelines require the sentencing court to "provide written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence." Minnesota Sentencing Guidelines II.D; *accord McIntosh*, 641 N.W.2d at 8 (requiring substantial and compelling circumstances to justify departure). For felony convictions, the "court shall state, on the record, findings of fact as to the reasons for departure." Minn. R.Crim. P. 27.03, subd. 4(C). The rule also requires the filing of a departure report with the guidelines commission. *Id.* Concerned that trial courts were not complying with the guidelines departure report requirement, this court in *Williams* indicated that:

[I]n order to ensure future compliance * * * with the sentencing guidelines requirements, we prospectively adopt, effective the date this opinion is filed, the following general rules:

1. *If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.*

2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.

3. If the reasons given justify the departure, the departure will be allowed.

4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.

5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

361 N.W.2d at 844 (emphasis added).

Geller argues that the court of appeals' remand allowing the sentencing court to place its reasons for departure on the record after the fact is in direct conflict with *Williams*. Although conceding in its brief to this court and at oral argument that the sentencing court is required to inform defendants of its reasons for departing from the sentencing guidelines at the time of sentencing, the state argues that *Williams* did not make clear the exclusive responsibility of the trial court to enunciate reasons for departure at the time of sentencing. *Williams* failed to mandate that all reasons for departure be expressed in open court to the defendant

by the sentencing judge. It failed to require that the [c]ourt's verbal recitation of the reasons for departure be incorporated or appended to a written departure report.

(Emphasis omitted.) The state contends that this lack of clarity has resulted in two conflicting lines of cases from the court of appeals. In one line of cases, the court of appeals has given the sentencing judge an opportunity to provide reasons for a departure on remand when the judge fails to give reasons on the record at the time of sentencing. *See State v. McAdory,* 543 N.W.2d 692, 698 (Minn. App.1996); *State v. Garrett,* 479 N.W.2d 745, 749 (Minn.App.1992); *State v. Sundstrom,* 474 N.W.2d 213, 216 (Minn.App. 1991); *State v. Pieri,* 461 N.W.2d 398, 401 (Minn.App.1990). In the other line of cases, it has not permitted departure. *See State v. Hopkins,* 486 N.W.2d 809, 812 (Minn.App.1992); *State v. Synnes,* 454 N.W.2d 646, 647 (Minn.App.1990); *State v. Thompson,* 414 N.W.2d 580, 584 (Minn. App.1987); *State v. Gunderson,* 407 N.W.2d 143, 145 (Minn.App.1987); *State v. Pendzimas,* 379 N.W.2d 247, 249 (Minn. App.1986). The state further contends that because this court denied review of *Garrett* we implicitly ratified the court of appeals' holding in *Garrett.*[2]

The state asks this court to more clearly mandate that defendants be informed of the reasons for departure at the time of sentencing and that the sentencing transcript stating the reasons for departure be appended to the departure report sent to the guidelines commission. Further, the state asks that we warn district courts that failure to comply in the future will result in imposition of a guideline sentence. The state asks that, in this case, we affirm the court of appeals' remand because of the conflict in the court of appeals' decisions.

Today we re-affirm *Williams.* The *McAdory, Garrett, Sundstrom, Pieri* line of cases notwithstanding, we conclude that the first rule we set out in *Williams* is clear: absent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed. As we discussed in *Williams,* this rule is consistent with the requirements of the sentencing guidelines and necessary to ensure compliance with them. 361 N.W.2d at 843–44.

Here, the sentencing court did not state the reasons for departure on the record at the time of sentencing. Thus, it was error for the court of appeals to remand to allow reasons for the departure to be given after the fact. Therefore, we reverse the court of appeals and remand to the district court for imposition of the presumptive guidelines sentence.

Reversed and remanded.

RUSSELL A. ANDERSON, J., took no part in the consideration or decision of this case.

---

**2.** This contention has no merit. *See Murphy v. Milbank Mut. Ins. Co.,* 388 N.W.2d 732, 739 (Minn.1986) (explaining that denial of review gives no indication of this court's opinion of the lower court's decision).