STATE of Minnesota, Respondent,

v.

**Robert Allen SHATTUCK, Appellant.**

**No. C6–03–362.**

Supreme Court of Minnesota.

Dec. 16, 2004.

O R D E R

PER CURIAM.

This case was heard on the court's oral calendar on November 30, 2004. The

---

court has decided the substantive issue but desires briefing on four specific questions relating to remedy.

Based upon all the files, records and proceedings herein,

It is the determination of this court that, in accordance with the rule of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the district court's imposition of an upward durational departure under Minn.Stat. § 609.109, subd. 4 (2002), from the Minnesota Sentencing Guidelines' presumptive sentence violated appellant's Sixth Amendment right to trial by jury. We note that because imposition of the presumptive sentence is mandatory absent additional judicial findings under the legislatively-created Guidelines regime, the presumptive sentence is the maximum penalty authorized solely by the jury's verdict for the purposes of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The test of *Apprendi* is one of functional effect rather than form. *Id.* at 494, 120 S.Ct. 2348. Because the Guidelines regime permits the district court to durationally depart upward from a presumptive sentence after finding aggravating factors not considered by the jury, it unconstitutionally usurps the role and undermines the function of the jury. A full opinion will follow.

IT IS HEREBY ORDERED that the parties shall, within 30 days of this order, file and serve supplemental briefs on the issue of remedy. Without foreclosing the possibility of imposing the presumptive sentence, at a minimum the briefs shall address the following questions:

(1) Whether the portions of the Sentencing Guidelines that unconstitutionally allow the district court to impose an upward durational departure based on facts not reflected in the jury's verdict or admitted by the defendant are severable from the remainder of the Guidelines. *See* Minn.Stat. § 645.20 (2002); *City of Duluth v. Sarette,* 283 N.W.2d 533, 537 (Minn.1979).

(2) If the unconstitutional portions of the Guidelines properly may be severed, whether this court has the inherent authority to authorize the use of sentencing juries and a bifurcated trial process.

(3) Whether a sentencing jury or a bifurcated trial process implicates double jeopardy concerns.

(4) In the present case, what specific remedy is appropriate? In particular, does the fact that the district court denied appellant's request to place before the jury aggravating factors that would, if found, justify sentencing enhancement, affect the disposition of this matter?

PAGE, Justice (concurring in part and dissenting in part).

I concur with the court's determination that the district court's imposition of an upward durational sentencing departure violated Shattuck's Sixth Amendment right to a jury trial under *Blakely v. Washington,* 542 U.S. ——, 124 S.Ct. 2531 (2004). I respectfully dissent, however, from the order directing supplemental briefing on the issue of remedy. Supplemental briefing is neither necessary nor appropriate. "The presumptive sentence is the maximum penalty authorized solely by the jury's verdict." Under the sentencing guidelines, "imposition of the presumptive sentence is mandatory absent additional judicial findings." Because the judicial findings made here were void ab initio and of no legal effect, I would remand to the district court for imposition of the presumptive sentence. *See generally State v. Geller,* 665 N.W.2d 514, 517 (Minn.2003), *Williams v. State,* 361 N.W.2d 840, 843–44 (Minn.1985). Any responsibility for fixing the *"Blakely* problem" lies with the legislature and not this court.