**STATE of Minnesota, Respondent,**

v.

**Charles Conrad HAGEN, Appellant.**

**No. C0–02–1318.**

Court of Appeals of Minnesota.

Dec. 28, 2004.

Mike Hatch, Attorney General, St. Paul, MN, and Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant County Attorney, St. Paul, MN, for respondent.

John M. Stuart, State Public Defender, Rochelle R. Winn, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge; TOUSSAINT, Chief Judge; and SCHUMACHER, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

The supreme court has remanded Charles Conrad Hagen's appeal from his sentence for first-degree criminal sexual conduct following this court's affirmance of the sentence after the first remand. *See State v. Hagen*, 679 N.W.2d 739 (Minn. App.2004), *opinion vacated and remanded* (Minn. July 20, 2004). We conclude the upward sentencing departure violates Hagen's right to a jury trial under *Blakely*. We reverse and remand for resentencing consistent with *Blakely*.

## FACTS

Hagen pleaded guilty in March 2002 to first-degree criminal sexual conduct committed against 13–year–old J.N., an autistic girl who lived in the house in which Hagen rented an apartment. The complaint charged a single count under Minn.

Stat. § 609.342, subd. 1(g), which requires that the offender engaged in sexual penetration with a victim under the age of 16 with whom he had a "significant relationship."

The plea agreement, as outlined in the Rule 15 plea petition, provided that Hagen would plead guilty to the offense as charged, and be able to "argue down[ward] departure based on amenability to probation." Hagen pleaded guilty on the date set for trial. The prosecutor pointed out there was no agreement as to sentence. It was understood that the district court would be "open" to considering a departure, depending on the results of the pre-sentence investigation. In the guilty plea hearing, Hagen admitted that he sexually penetrated 13–year–old J.N. Hagen testified that his attorney had discussed with him the "significant relationship" element, which was based on his living in the "same residence" as the victim.

At sentencing, Hagen's attorney admitted that there were some "very aggravating factors," and stated that Hagen "does not deny that." Counsel then referred to "some issues about violence," apparently referring to some aspect of the offense. When Hagen exercised his right of allocution, he acknowledged that his crime would have longstanding effects on the victim.

The district court characterized this case as "one of the more horrendous cases of child sexual abuse that I have seen." The court sentenced Hagen to 216 months, an upward departure from the presumptive sentence of 144 months. In support of the departure, the court stated:

> The basis for the departure is that you entered the victim's zone of privacy, that being that this took place in her home, and outside of the home for that matter; that it created great psychological and emotional trauma to the victim in this case; and, most importantly, that this

child was particularly vulnerable due to her many disabilities.

The court concluded that these factors, along with "the deception that [Hagen] engaged in," supported the departure.

This court's first initial opinion rejected Hagen's challenge to his guilty plea, holding that Hagen, who rented an apartment in the basement of the house where the victim lived with her mother, did live in the same "dwelling" as the victim. *State v. Hagen*, No. C0–02–1318, 2003 WL 21006136 at *2–*3 (Minn.App. May 6, 2003). The second opinion concluded that violation of the zone of privacy was not a proper aggravating factor, but that the victim's severe psychological trauma and her particular vulnerability due to numerous disabilities supported the 50% upward departure. *State v. Hagen*, 679 N.W.2d 739, 741–43 (Minn.App.2004), *opinion vacated and remanded* (Minn. July 20, 2004). The supreme court has remanded for reconsideration of the sentence imposed in light of *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

## ISSUE

Does the upward durational departure violate Hagen's Sixth Amendment right to a jury trial under *Blakely?*

## ANALYSIS

■ The decision to depart from the presumptive sentence rests within the discretion of the district court and will not be disturbed absent a clear abuse of discretion. *State v. Givens*, 544 N.W.2d 774, 776 (Minn.1996). But the *Blakely* argument presents a constitutional issue, which this court reviews de novo. *See generally State v. Manning*, 532 N.W.2d 244, 247 (Minn.App.1995), *review denied* (Minn. July 20, 1995).

■ In *Blakely,* the Supreme Court stated that the greatest sentence a judge can impose is "the maximum sentence [that may be imposed] solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington,* — U.S. —, ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004). The defendant has a Sixth Amendment right to a jury determination of the existence beyond a reasonable doubt of any fact, except the fact of a prior conviction, that increases the sentence above this maximum. *Id.* at 2543; *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000). The Court therefore reversed the 90–month "exceptional sentence" that had been imposed under Washington state's determinate sentencing scheme and remanded "for further proceedings not inconsistent with this opinion." *Blakely,* — U.S. at ——, 124 S.Ct. at 2543.

This court has held that *Blakely* does apply in Minnesota to preclude upward durational departures under the sentencing guidelines based on aggravating factors as found by the sentencing court rather than the jury. *State v. Conger,* 687 N.W.2d 639 (Minn.App.2004), *pet. for review filed* (Minn. Nov. 10, 2004). But the state argues that Hagen is not entitled to relief under *Blakely* because he admitted to the aggravating factors found by the district court.

The *Blakely* Court held that the "statutory maximum" sentence "for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" — U.S. at ——, 124 S.Ct. at 2537. The Court did not explain the sentencing court's authority to sentence based on the defendant's admissions, nor did it attempt to define when an ag-gravating factor is "admitted" by the defendant.

The "admission exception" was not at issue in *Blakely* and was only briefly discussed in *Apprendi,* in which the defendant specifically denied his offense was motivated by bias, the factor that enhanced his sentence. *See Apprendi,* 530 U.S. at 471, 120 S.Ct. at 2352 (noting the defendant's denial he was biased against African–Americans). But the *Apprendi* Court did note that the defendant's admission had been a factor in an earlier case holding that due process was not violated by making recidivism a sentencing factor rather than an element of the offense. *Id.* at 488, 120 S.Ct. at 2361–62 (discussing *Almendarez–Torres v. United States,* 523 U.S. 224, 247–48, 118 S.Ct. 1219, 1233, 140 L.Ed.2d 350 (1998)).

■ Unfortunately, none of these Supreme Court cases—*Blakely, Apprendi,* and *Almendarez–Torres*—discusses what would qualify as an "admission" satisfying this exception to the Sixth Amendment jury-trial right. The state argues that defense counsel's admission that there were "very aggravating factors" and Hagen's admission that his crime would have long-standing effects on the victim satisfy the "admission exception" to *Blakely.* We must resort to law outside the *Apprendi* line of cases to analyze this issue.

■ The effect of a defendant's admission to an aggravating factor is to waive the defendant's constitutional right to a jury trial on the sentencing issue. The general rule is that the waiver of a constitutional right must be knowing, voluntary, and intelligent. *See generally State v. Trott,* 338 N.W.2d 248, 251 (Minn. 1983) (discussing requirements of guilty plea). The waiver of a constitutional right, at least one that impacts the fairness of the trial itself, must be a "knowing and intelligent relinquishment or abandonment

of a known right or privilege." *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981) (discussing waiver of right to counsel before questioning). Other constitutional rights may be "waived" without actual knowledge of the right involved, although that knowledge may be a factor in the voluntariness of the waiver. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 236–44, 93 S.Ct. 2041, 2052–56, 36 L.Ed.2d 854 (1973); *State v. Dezso,* 512 N.W.2d 877, 881 (Minn.1994) (noting police advisory on right to refuse consent to search is only one factor in determining voluntariness of consent). A waiver of the right to a jury trial has been held to require a defendant have knowledge of that right. *State v. Ross,* 472 N.W.2d 651, 653 (Minn.1991); *State v. Pietraszewski,* 283 N.W.2d 887, 890 (Minn. 1979).

Hagen pleaded guilty to first-degree criminal sexual conduct. In the course of the guilty-plea hearing, Hagen was informed in general terms of his right to a jury trial "and that all jurors would have to find you guilty to have you pronounced guilty." But he was not informed that he had a right to a jury determination on any fact used to support an upward sentencing departure.

The aggravating factors cited by the district court—invasion of the victim's zone of privacy, victim vulnerability, and psychological impact on the victim—may not have been contested by the defense. But in *State v. Wright,* 679 N.W.2d 186 (Minn. App.2004), *review denied* (Minn. June 29, 2004), this court held that a defendant's stipulation to an element of an offense must be supported by a personal oral or written waiver of the defendant's right to a jury trial on that element. Thus, stipulations to facts constituting elements of the offense may no longer be accepted as effective but informal waivers of the jury-trial right without a full-scale, on-the-record oral or written waiver. *Cf. State v. Berkelman,* 355 N.W.2d 394, 397 (Minn. 1984) (noting that defendant "in effect offered" to waive jury trial on element of prior DWI conviction within five years by agreeing to stipulate to that fact).

In this regard, we find no basis to distinguish a stipulation to an aggravating sentencing factor from a stipulation to an element of the offense. The *Blakely* Court has effectively dismantled the distinction between offense elements and sentencing factors. *See Blakely,* —— U.S. at ——, 124 S.Ct. at 2539 (stating that *Apprendi* assures that "the judge's authority to sentence derives wholly from the jury's verdict"). The opinion calls into question any legislative labeling of certain facts as "sentencing factors." *Id.* Therefore, we cannot conclude that *Blakely* leaves a defendant free to stipulate to a "sentencing factor" without complying with the requirements pronounced in *Wright* for waiver of a jury trial on an element of the offense.

This court in *Conger* noted that any upward durational departure not based solely on the facts admitted by the defendant in the guilty plea was invalid. 687 N.W.2d at 645. But because the district court had made no findings to support the particular-vulnerability and particular-cruelty factors, the court in *Conger* did not discuss the need for a *Blakely* admission to an aggravating factor to be accompanied by a waiver of the right to a jury trial on that issue. *See id.* And we note that the state in *Conger* did not argue in its brief that the defendant's statements in the guilty-plea hearing constituted an "admission" under *Blakely. See generally State v. Soukup,* 656 N.W.2d 424, 431 (Minn. App.2003) (describing "dictum" as statement concerning issue not addressed in adversarial briefing and argument).

Here, the state argues in its brief that Hagen's statements constituted an "admission" under *Blakely*. And the district court's reliance on the victim's vulnerabilities was supported by reference to her "many disabilities," which in turn referred to the victim-impact statement detailing the victim's ADHD and her autism. That statement graphically detailed the psychological and emotional impact on the victim. Thus, there is no doubt in this case that the record amply supports the district court's finding on the aggravating factors, and the adequacy of Hagen's admissions, therefore, must be addressed. We note also that Hagen's only personal admission was made at sentencing, whereas the defendant in *Conger* made his admissions at the guilty-plea hearing, at the same time he waived his jury-trial right. *See generally State v. Lyle*, 409 N.W.2d 549, 552–53 (Minn.App.1987) (holding that factual basis had to be established at time of guilty plea, not later in presentence investigation).

Because Hagen's sentence violated his right to a jury trial under *Blakely*, the sentence must be reversed and remanded. We note that in *Blakely*, the Court did not remand for imposition of a sentence within the "standard range" under Washington law, but instead remanded "for further proceedings not inconsistent with this opinion." — U.S. at —, 124 S.Ct. at 2543. We agree with the state's argument that Hagen is not automatically entitled on remand to a reduction of his sentence to the presumptive sentence. But the appropriate remedy, including the possible impaneling of a jury to determine the sentencing issues, has not been fully litigated here and must be determined in the first instance by the district court.

## DECISION

The upward durational departure violated Hagen's right to a jury trial under *Blakely*. The matter is remanded for re-sentencing in light of *Blakely*.

**Reversed and remanded.**