**STATE of Minnesota, Respondent,**

v.

**Steven Leo RANNOW, Appellant.**

**No. A05–282.**

Court of Appeals of Minnesota.

Sept. 13, 2005.

John M. Stuart, State Public Defender, Sean M. McGuire, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Michael K. Junge, McLeod County Attorney, Amy E. Olson, Assistant County Attorney, Glencoe, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge; TOUSSAINT, Chief Judge; and PARKER, Judge.*

**OPINION**

WRIGHT, Judge.

Appellant challenges the consecutive sentences imposed on five convictions of violation of a restraining order, arguing that the district court improperly departed from the sentencing guidelines without stating a reason for the departure. Appellant also argues that imposition of consecutive sentencing without a jury determination of the existence of aggravating factors violated the Sixth Amendment right to a jury trial under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We reverse the sentence and remand for imposition of the presumptive guidelines sentence.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

■ After making repeated telephone calls to a former co-worker at her place of employment, appellant Steven Rannow was charged with ten counts of felony violation of a restraining order, Minn.Stat. § 609.748, subd. 6(d)(1) (2002), and one count of engaging in a pattern of harassment, Minn.Stat. § 609.749, subd. 5(a) (2002). Rannow subsequently entered an *Alford* plea [1] to five of the ten counts of violation of a restraining order. In exchange for Rannow's guilty plea, the state agreed to dismiss the remaining charges. The parties also agreed on an aggregate sentence of imprisonment of 60 months and five days.

At the sentencing hearing, the district court honored the terms of the plea agreement and imposed an aggregate sentence of imprisonment of 60 months and five days. In doing so, the district court imposed an executed sentence of one year and one day on the first count of violation of a restraining order, rather than the guidelines sentence of 15 months, stayed. Minn. Sent. Guidelines IV. The district court then imposed executed sentences of one year and one day on each of the remaining counts and ordered the sentences on counts two through five to be served consecutively to each other and to the sentence imposed on the first count. The district court did not articulate a reason for imposing the consecutive sentences. This appeal followed.

## ISSUES

I. Did the district court abuse its discretion in imposing consecutive sentences?

II. Does appellant's sentence violate the Sixth Amendment right to a jury trial under *Blakely v. Washington?*

## ANALYSIS

### I.

■ Rannow argues that the district court abused its discretion by imposing consecutive sentences on each of his five convictions of violation of a restraining order. We will not reverse a district court's decision to impose consecutive sentences absent a clear abuse of discretion. *Neal v. State,* 658 N.W.2d 536, 548 (Minn.2003). But the threshold issue presented here is whether the consecutive sentences imposed were permissive under the sentencing guidelines or whether they constitute an upward departure. This issue requires interpretation of the sentencing guidelines, which is a question of law subject to de novo review. *State v. Watkins,* 650 N.W.2d 738, 741 (Minn.App.2002).

■ If a defendant is convicted of multiple current offenses, it is presumed that sentences for these offenses will be served concurrently. *State v. Crocker,* 409 N.W.2d 840, 845 (Minn.1987). But under certain circumstances, consecutive sentences may be imposed without departing from the sentencing guidelines. Minn. Sent. Guidelines II.F. For example, when a defendant has "[m]ultiple current felony convictions for crimes against persons" [2] and the presumptive disposition for the offenses is commitment to the commissioner of corrections, consecutive sentencing is

---

1. With an *Alford* plea, a defendant maintains his or her innocence while conceding that there is a substantial likelihood that the evidence would support a conviction by a jury of the crime charged. *State v. Goulette,* 258 N.W.2d 758, 760 (Minn.1977) (adopting holding of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).

2. Consecutive sentencing is permissive under these circumstances even when the offenses involve a single victim. Minn. Sent. Guidelines cmt. II.F.04.

permissive without departure from the sentencing guidelines. *Id.* Permissive consecutive sentencing is available under this exception only when the presumptive disposition for the offenses is commitment to the commissioner of corrections. *Id.; see also Watkins,* 650 N.W.2d at 743 (holding that when prior felony sentence for crime against person has not been discharged and imprisonment is presumptive for current felony sentence, permissive consecutive sentencing is available). If permissive consecutive sentencing is not available, "the use of consecutive sentences . . . constitutes a departure from the guidelines and requires written reasons" to support the departure. Minn. Sent. Guidelines II.F.

Although the sentencing guidelines do not define what constitutes a "crime against a person," caselaw makes clear that such a determination depends on the nature of the underlying conduct rather than the nomenclature used to classify the crime. *See State v. Myers,* 627 N.W.2d 58, 62–63 (Minn.2001) (holding that consecutive sentence for obstructing legal process is crime against person if underlying conduct in committing crime posed special danger to human life); *State v. Notch,* 446 N.W.2d 383, 385 (Minn.1989) (holding that burglary may qualify as offense against person if "as committed" it is in fact a crime against a person).

■ Rannow pleaded guilty to five felony violations of a restraining order for repeatedly calling a former co-worker. Rannow's harassment of this individual extended over 15 years, but the five current felony convictions were based on conduct that occurred during a 20–day period in 2004. Rannow's conduct posed a threat to another person, and, therefore, each restraining-order violation constitutes a crime against a person.

■ Having concluded that Rannow was convicted of multiple current felonies committed against a person, consecutive sentencing is permissive under the sentencing guidelines if the presumptive disposition for the offenses is commitment to the commissioner of corrections. Minn. Sent. Guidelines II.F. "When consecutive sentences are imposed, [the] offenses are sentenced in the order in which they occurred." *Id.* The presumptive guidelines sentences for Rannow's five violations of a restraining order, a severity level IV offense, are as follows: (1) 15 months stayed on the first count; (2) 18 months stayed on the second count; (3) 21 months stayed on the third count; (4) 24 months executed on the fourth count; and (5) 27 months executed on the fifth count.[3] Minn. Sent. Guidelines cmt. II.B.101., IV. Only executed felony sentences involve commitment to the commissioner of corrections.

Because the presumptive disposition for only the fourth and fifth counts is commitment to the commissioner of corrections, consecutive sentencing for all five offenses is not permissive under the sentencing guidelines. Accordingly, the greatest aggregate sentence duration that the district court could impose without departing from the sentencing guidelines is 36 months and one day—24 months on count four to run concurrently with the sentences on counts one through three and consecutively with one year and one day on count five. *See* Minn. Sent. Guidelines II.F., IV (when imposing permissive consecutive sentences, duration of second sentence is calculated based on criminal-history score of zero,

---

**3.** At the time of his first offense, Rannow had a criminal-history score of one. Rannow's criminal-history score increased by one point for each subsequent felony offense, causing the presumptive sentence duration to increase accordingly. Minn. Sent. Guidelines V.II. B.1.; *State v. Gould,* 562 N.W.2d 518, 519–20 (Minn.1997).

which in this case is one year and one day). Thus, the district court departed upward from the sentencing guidelines when it ordered all five of Rannow's sentences to run consecutively, for a total sentence duration of 60 months and five days.

The state argues that, because the sentence imposed was consistent with the plea agreement, the consecutive sentencing did not constitute an upward departure from the sentencing guidelines. Permissive consecutive sentencing, however, is available only under the limited circumstances listed in Minn. Sent. Guidelines II.F. The state's argument fails to consider the plain language of the sentencing guidelines, which states: "The use of consecutive sentences in any other case constitutes a departure from the guidelines[.]" Thus, the imposition of consecutive sentences for reasons other than those set forth in Minn. Sent. Guidelines II.F. constitutes a departure from the sentencing guidelines and requires the existence of substantial and compelling reasons identified on the record by the district court, notwithstanding the parties' plea agreement for consecutive sentencing. *See State v. Misquadace,* 644 N.W.2d 65, 71 (2002) (holding that "negotiated plea agreements that include a sentencing departure are justified under the guidelines in cases where substantial and compelling circumstances exist[,]" but a "plea agreement standing alone ... does not create such circumstances in its own right"); *see also* Minn.Stat. § 244.09, subd. 5(2) (2004) (rejecting view that sentencing guidelines standards are a "right" that can be waived). The state's contention that Rannow waived application of the sentencing guidelines by entering into a plea agreement as to his sentence is without merit.

■ Having concluded that the district court departed from the sentencing guidelines, we next consider whether the district court erred in doing so. Substantial and compelling circumstances must exist to justify a departure from the sentencing guidelines. *Rairdon v. State,* 557 N.W.2d 318, 326 (Minn.1996). If the district court does not state the reasons for the departure at the time of sentencing, the departure is not allowed. *State v. Geller,* 665 N.W.2d 514, 516 (Minn.2003); *see also* Minn. R.Crim. P. 27.03, subd. 4(C) (requiring district court to state on the record reasons for departure); Minn. Sent. Guidelines II.D. (requiring district court in felony cases to provide written reasons that specify the substantial and compelling nature of the circumstances and demonstrate why the departure is more appropriate than the presumptive sentence).

The district court did not provide orally or in writing any reason for the sentencing departure. Rather, the district court sentenced Rannow in accordance with the terms of the plea agreement, stating:

> Then, as and for sentence, the Court is sentencing Mr. Rannow on all five counts and I understand that constitutes a departure on Count 1, but on Count 1 the Court is sentencing Mr. Rannow to one year and one day in prison. He's to be committed to the Department of Corrections. That commitment will take place today. On Counts 2, 3, 4 and 5 the Court is imposing sentences of one year and one day on each count; all four counts, 2, 3, 4, and 5, to run consecutive to the sentence imposed on Count 1. So the total prison sentence is five years and five days.

■ A plea agreement cannot in itself form the basis for a sentencing departure. *Misquadace,* 644 N.W.2d at 72; Minn. Sent. Guidelines cmt. II.D.04 (requiring district court to state reasons for departure that underlie plea agreement). Rather, when reviewing a plea agreement that includes a sentencing departure, the dis-

trict court is required to determine whether the offenses reflect any aggravating or mitigating circumstances that warrant a departure and articulate these "substantial and compelling" circumstances on the record. *Misquadace,* 644 N.W.2d at 71–72. Here, because the district court did not identify any aggravating circumstances justifying a departure from the sentencing guidelines, the district court abused its discretion in imposing consecutive sentences.

We turn now to the proper remedy for the district court's failure to state any reasons for the sentencing departure. In *Geller,* the Minnesota Supreme Court held that "absent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed." 665 N.W.2d at 517. *Geller* makes clear that a remand to the district court for another opportunity to state the reasons for departure is not the proper remedy. *Id.* Instead, a reviewing court must remand to the district court for imposition of the presumptive guidelines sentence. *Id.*

■ We note, however, that *Misquadace* and its progeny provide an alternative remedy for a departure based solely on the terms of the plea agreement, namely a remand to the district court for a determination of whether proper departure factors are present. 644 N.W.2d at 72. In *State v. Lewis,* decided one year after *Misquadace,* the Minnesota Supreme Court stated that, in addition to considering departure factors on remand, the district court also may consider the effect that changes in the sentence have on the entire plea agreement. 656 N.W.2d 535, 539 (Minn.2003). The *Lewis* court authorized the district court to consider motions to vacate the conviction and plea agreement if it could not find substantial and compelling circumstances to support the departure from the sentencing guidelines. *Id. Geller,* decided after both *Lewis* and *Misquadace,* does not address either case or the alternative remedies authorized therein.

We note that, because the district court departed from the sentencing guidelines in accordance with a plea agreement, the facts here are more analogous to *Misquadace* and *Lewis* than to *Geller.* Nevertheless, *Geller's* mandate is clear: "[A]bsent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed." 665 N.W.2d at 517. Given the breadth of this most recent holding, we follow the rule announced in *Geller* and remand for imposition of a sentence that does not constitute a departure from the sentencing guidelines. On remand, the greatest sentence duration that the district court can impose is an aggregate sentence of 36 months and one day, which reflects presumptive concurrent sentences on the first three counts of conviction and permissive consecutive sentences on the last two counts of conviction. Minn. Sent. Guidelines II.F.

## II.

Rannow also argues that the district court's imposition of consecutive sentences violated the Sixth Amendment right to have a jury determine the facts supporting the enhancement of his sentence under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Blakely's* application to consecutive sentencing raises a constitutional issue, which we review de novo. *State v. Senske,* 692 N.W.2d 743, 746–49 (Minn.App.2005), *review denied* (Minn. May 17, 2005).

■ In *Blakely,* the United States Supreme Court refined the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),

that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 124 S.Ct. at 2536 (quoting *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362–63). The *Blakely* court held that the greatest sentence a judge can impose is "the maximum sentence [that may be imposed] solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2537 (emphasis omitted). Accordingly, the defendant has a Sixth Amendment right to a jury determination of any fact, except the fact of a prior conviction, that increases the sentence above this maximum. *Id.* at 2543.

Rannow argues that the district court's imposition of nonpermissive consecutive sentences—sentences that constitute an upward departure from the guidelines— violates the Sixth Amendment right to have a jury determine the facts supporting an enhancement of his sentence. Minnesota caselaw has not addressed whether *Blakely* applies to consecutive sentences that are departures from the sentencing guidelines. But because we are remanding to the district court for imposition of a guidelines sentence, which precludes a departure from the sentencing guidelines, we need not address this issue.

Because permissive consecutive sentences may be imposed on the last two counts of violation of a restraining order, however, we briefly address *Blakely*'s applicability to permissive consecutive sentences. We recently held that the rule announced in *Blakely* does not apply to permissive consecutive sentences imposed for separate crimes. *Senske*, 692 N.W.2d at 749. The *Senske* court reasoned that the holdings of *Blakely* and *Apprendi* are limited to the enhancement of a sentence for a single crime and do not extend to consecutive sentencing, which determines the relationship between two or more sen-

tences separately imposed for different offenses. 692 N.W.2d at 747–48; *see also O'Meara v. State*, 679 N.W.2d 334, 341 (Minn.2004) (reducing consecutive terms to 25 years each under *Apprendi*, although the combined 50–year sentence would have violated the 25–year statutory maximum). The *Senske* court also noted that, because the jury does not determine the permissibility of multiple sentences under the Double Jeopardy Clause or Minn.Stat. § 609.035, subd. 1 (2004), there is no right to a jury determination as to whether consecutive sentencing is appropriate. 692 N.W.2d at 747.

■ Based on our recent decision in *Senske*, we conclude that the district court may impose permissive consecutive sentences on the last two counts of violation of a restraining order without violating the Sixth Amendment right articulated in *Blakely*.

## DECISION

The district court departed from the sentencing guidelines when it imposed consecutive sentences. Because the district court did not state a reason for the sentencing departure, we reverse the sentence and remand for imposition of the presumptive guidelines sentence.

**Reversed and remanded.**