STATE of Minnesota, Respondent,

v.

DeJuan Haywood HAGGINS, Appellant.

No. A10–915.

Court of Appeals of Minnesota.

May 3, 2011.

---

Lori Swanson, Attorney General, St. Paul, MN; and Peter Orput, Washington County Attorney, Sarah E. Kerrigan, Assistant County Attorney, Stillwater, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; PETERSON, Judge; and TOUSSAINT, Judge.

## OPINION

HUDSON, Judge.

Appellant challenges his conviction of fourth-degree assault of a correctional officer and his sentence of 18 months on the grounds that the district court (1) discharged the public defender without obtaining a valid waiver of appellant's right to counsel, and (2) upwardly departed from the presumptive sentence without making sufficient findings. Because appellant knowingly, intelligently, and voluntarily waived his right to counsel, we affirm the conviction. But because the district court did not state substantial and compelling reasons for the upward departure, we reverse the sentence and remand for resentencing.

## FACTS

The state charged appellant DeJuan Haywood Haggins with fourth-degree assault in violation of Minn.Stat. § 609.2231, subd. 3 (2008), for head-butting a correctional officer at the Minnesota Correctional Facility–Stillwater. The state also filed a notice of its intent to seek a 12–month upward durational departure pursuant to the repeat-offender statute. Minn.Stat. § 609.1095, subd. 4 (2008). A jury found appellant guilty, and the district court sentenced appellant to 18 months consecutive to a sentence appellant was already serving.

*Waiver of counsel*

At appellant's first appearance, the district court appointed a public defender to represent appellant. And at three subsequent court appearances, an assistant public defender appeared on appellant's behalf. But at appellant's fourth appearance, appellant requested that the public defender be discharged.

The district court engaged in a short colloquy during which it confirmed that appellant wanted the assistant public defender to be discharged and that he understood that another assistant public defender would not be appointed. But the district court did not obtain a written

waiver of counsel, nor did it admonish appellant regarding the nature of the charges, the range of sentences, possible defenses or mitigating circumstances, or the advantages and disadvantages of proceeding without counsel. The district court nonetheless discharged the public defender.

Two hearings later, the district court raised the possibility of appointing standby counsel. Appellant initially stated that he did not want standby counsel because he did not want anyone "interfering with [his] right to a free trial." The district court began to explain the benefits of standby counsel, but appellant interrupted him and said that he already knew what standby counsel was because he had standby counsel when he represented himself pro se in 2007 and obtained a not-guilty verdict. Appellant stated that "[s]tandby counsel is the counsel that sits there with you and they help you deal with certain things.... It's basically a lawyer who is appointed by the courts to basically be a go-between between you and the courts." The district court responded that appellant's description was essentially correct, but clarified that standby counsel would sit next to appellant and be available to answer appellant's questions, but standby counsel would not ask questions or make motions. Appellant ultimately accepted the district court's offer of standby counsel.

At the final pretrial hearing, the district court further inquired into appellant's decision to waive counsel and to represent himself pro se. The district court explained that it was difficult to try a case pro se, but appellant again stated that he had succeeded in representing himself and obtained a not-guilty verdict in 2007. The district court then pointed out differences between the 2007 case and the current case—namely, the state had a videotape of appellant head-butting the corrections offi-

cer, appellant faced a presumptive executed consecutive sentence of 12 months and one day, and he faced an upward departure of 12 months if he was proved to be a repeat offender. The district court encouraged appellant to at least review the videotape with standby counsel and review his options.

Despite the district court's admonitions, appellant represented himself pro se at trial, although standby counsel was present the entire time. After the jury found appellant guilty, standby counsel stepped in and stated that appellant wished to negotiate a disposition off the record in lieu of holding a *Blakely* hearing as to whether he was a repeat offender. After the off-the-record negotiation, appellant waived his right to a *Blakely* hearing and agreed to a six-month upward departure. Accordingly, the district court imposed an executed consecutive sentence of 18 months, which represented a six-month upward durational departure from the presumptive executed consecutive sentence of 12 months and one day, but was far shorter than the 12–month upward durational departure the state was originally seeking. The district court made no findings to support the six-month upward departure.

## ISSUES

I. Did the district court clearly err by accepting appellant's waiver of his right to counsel?

II. Did the district court abuse its discretion by upwardly departing from the presumptive guidelines sentence?

## ANALYSIS

### I

The United States and Minnesota constitutions guarantee a criminal defendant's right to counsel. U.S. Const. amends. VI, XIV; Minn. Const. art. 1,

§§ 6, 7; *Gideon v. Wainwright,* 372 U.S. 335, 343–45, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963). This right may be waived only if the waiver is knowing and intelligent. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *Burt v. State,* 256 N.W.2d 633, 635 (Minn.1977). A district court's finding that "a defendant knowingly, voluntarily, and intelligently waived the right to counsel" is reviewed for clear error. *State v. Camacho,* 561 N.W.2d 160, 173 (Minn. 1997).

To ensure that a defendant's waiver of the right to counsel is constitutionally sound, the Minnesota Rules of Criminal Procedure require that a defendant who is charged with a felony and wishes to represent himself enter "a voluntary and intelligent written waiver of the right to counsel." Minn. R.Crim. P. 5.04, subd. 1(4). Before the waiver is accepted, the district court must advise the defendant of the following:

> (a) nature of the charges;
>
> (b) all offenses included within the charges;
>
> (c) range of allowable punishments;
>
> (d) there may be defenses;
>
> (e) mitigating circumstances may exist; and
>
> (f) all other facts essential to a broad understanding of the consequences of the waiver of the right to counsel, including the advantages and disadvantages of the decision to waive counsel.

*Id.*

■ It is undisputed that the district court did not obtain a written waiver of appellant's right to counsel. But even if a waiver is not in writing, it may still be constitutionally valid if the circumstances demonstrate that the defendant has knowingly, voluntarily, and intelligently waived his right to counsel. *State v. Garibaldi,* 726 N.W.2d 823, 829 (Minn.App.2007) (citing *In re G.L.H.,* 614 N.W.2d 718, 724 (Minn.2000)). Whether the waiver of the right to counsel is valid depends on "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *State v. Worthy,* 583 N.W.2d 270, 275–76 (Minn.1998) (quotation omitted). The defendant " 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.' " *Worthy,* 583 N.W.2d at 276 (quoting *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541 (other quotation omitted)).

■ Here, the district court dismissed the public defender at the appellant's fourth hearing, when he had already been represented by counsel at three hearings. When a defendant has previously been represented by counsel, a district court "[can] reasonably presume that the benefits of legal assistance and the risks of proceeding without it [have] been described to defendant in detail." *State v. Jones,* 266 N.W.2d 706, 712 (Minn.1978). Thus, it is possible that defendant's initial waiver of counsel was knowing, intelligent, and voluntary. Nevertheless, the waiver lacked certain elements of a proper waiver because the district court did not explain the risks of representing oneself, describe the consequences of a conviction, or offer standby counsel. *See Garibaldi,* 726 N.W.2d at 829–30 (finding that appellant's waiver of right to counsel was invalid where he was represented by counsel at only one hearing, did not unequivocally fire his attorney, and was not offered standby counsel).

But based on the discussions between the district court and appellant at subsequent pretrial hearings, we conclude that appellant made a knowing, intelligent, and

voluntary waiver of his right to counsel. The district court in later hearings reaffirmed appellant's decision to waive his right to counsel, offered standby counsel, and explained the stakes in this proceeding. Most significantly, at the last hearing before trial, the district court pointed out several issues that appellant should consider before continuing to represent himself: (1) the videotape showing the assault; (2) the presumptive sentence of 12 months and one day; and (3) the possibility of an upward departure of 12 months based on appellant's prior record. But appellant did not heed the district court's advice, and instead stated on at least two occasions that he had successfully represented himself in 2007 and that he would do so again in this proceeding. Under these circumstances, appellant's waiver of counsel was knowing, voluntary, and intelligent.

## II

■ The Minnesota Sentencing Guidelines require that if a district court departs from a presumptive sentence, the court must "disclose in writing or on the record the particular substantial and compelling circumstances that make the departure more appropriate than the presumptive sentence." Minn. Sent. Guidelines II.D (2009). The Minnesota Rules of Criminal Procedure also state that the district court shall make findings of fact regarding its reasons for departure. Minn. R.Crim. P. 27.03, subd. 4(C). The decision to depart from a presumptive sentence is within the district court's discretion and will not be set aside absent a clear abuse of that discretion. *State v. Schmit,* 601 N.W.2d 896, 898 (Minn.1999).

■ The presumptive sentence for fourth-degree assault of a correctional officer while a person is incarcerated is an executed consecutive sentence of 12 months and one day. Minn.Stat.

§ 609.2232 (2008) (requiring an executed consecutive sentence for conviction of fourth-degree assault of a correctional officer); Minn. Sent. Guidelines IV, V (2009) (establishing a presumptive sentence of 12 months and one day for this offense). Therefore, the 18–month sentence imposed by the district court was an upward departure, and the district court was required to state the substantial and compelling circumstances for the departure on the record. The district court did not do so.

■ "[A]bsent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed." *State v. Geller,* 665 N.W.2d 514, 517 (Minn.2003). The state nonetheless contends that the departure should be upheld because appellant essentially agreed that he was a repeat offender by waiving his right to a *Blakely* hearing and agreeing to the upward departure. The state concedes, however, that appellant simply agreed to the upward departure and did not explicitly stipulate that he was a repeat offender.

■ The Minnesota Supreme Court has previously determined that a plea agreement that includes a sentencing departure is justified under the guidelines so long as "substantial and compelling circumstances exist." *State v. Misquadace,* 644 N.W.2d 65, 71 (Minn.2002). But, "[a] plea agreement standing alone ... does not create such circumstances in its own right." *Id.* Rather, "the court must determine whether the offense of conviction reflects any aggravating or mitigating circumstances that warrant a departure." *Id.* Here, the district court did not make such a determination, and the sentence must therefore be reversed.

■ When the district court has upwardly departed without a finding of substantial and compelling circumstances, the

matter must be remanded for the district court to resentence the defendant. *State v. Rannow,* 703 N.W.2d 575, 580 (Minn. App.2005). The state argues that, under the circumstances, this court should deviate from *Rannow* and permit the district court on remand to either correct the record or to conduct a *Blakely* hearing. But the state ignores the clear rule that " 'absent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed.' " *Id.* at 580 (quoting *Geller,* 665 N.W.2d at 517). This case is therefore remanded to the district court, and, at most, the district court may impose the presumptive executed consecutive sentence of 12 months and one day.

## DECISION

The district court did not clearly err in determining that appellant knowingly, voluntarily, and intelligently waived his right to counsel, but the district court abused its discretion by upwardly departing from the presumptive sentence without stating the substantial and compelling circumstances for the departure on the record.

Finally, we have thoroughly considered the arguments presented in appellant's pro se supplemental brief and have concluded that they lack merit.

**Affirmed in part, reversed in part, and remanded.**