STATE of Minnesota, Respondent,

v.

Douglas A. DETTMAN, Appellant.

No. A04–975.

Court of Appeals of Minnesota.

May 24, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and Raymond F. Schmitz, Olmsted County Attorney, Daniel P.H. Reiff, Assistant County Attorney, Rochester, MN, for respondent.

John M. Stuart, State Public Defender, Richard Schmitz, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by
SHUMAKER, Presiding Judge;
TOUSSAINT, Chief Judge; and
CRIPPEN, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge.

On postconviction appeal, appellant contends that the district courts imposition of an upward durational departure from the presumptive sentence for first-degree criminal sexual conduct violated his Sixth Amendment right to a jury trial under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because the sentence was based on judicial findings of fact that appellant did not knowingly and voluntarily admit, we reverse and remand for resentencing.

## FACTS

At approximately midnight on May 13, 2003, appellant Douglas A. Dettman called his friend's girlfriend and told her that her boyfriend was in trouble and that she should come to Dettman's apartment. This was a ruse to lure her to Dettman's apartment so that he could have sexual relations with her. While he waited for her to arrive, Dettman "set things up" for her arrival, arranging pillows on his bed and cutting a piece of duct tape to fit around her mouth in case she were to scream. When the girlfriend arrived, Dettman told her that her boyfriend had run out to buy some cigarettes and that she should wait in Dettman's apartment for him to return.

Once she entered Dettman's apartment, he tried to tape her mouth to prevent her from screaming. When she resisted, Dettman "put the fear of God in her," threatening to cut her throat if she did not cooperate and demanding that she undress and lie down on his bed. Dettman made a throat-cutting gesture with his hand, but the victim never saw a knife.

Dettman then penetrated the victim's vagina with his fingers and his mouth. He also ordered her to sit on his face and urinate in his mouth, but was interrupted by Rochester police, who arrived at Dettman's apartment because of a report they

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

had received of a woman screaming. Dettman let the officers in, and they noticed that the victim was nude on his bed and had blood around her mouth. The officers later recovered a knife from Dettman's clothing.

The following day, Dettman was charged with three counts of first-degree criminal sexual conduct and one count of kidnapping. In January 2004, he pleaded guilty to one count of first-degree criminal sexual conduct, and the state dismissed the other charges. In March 2004, the district court sentenced Dettman to 216 months in prison, which was an upward durational departure of 72 months from the presumptive sentence of 144 months. Minn.Stat. § 609.342, subd. 2(b) (2002); Minn. Sent. Guidelines II.D.2.b.

## ISSUE

■ Under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a defendant has a Sixth Amendment right to a jury determination of any fact not admitted by the defendant, except the fact of a prior conviction, that increases the prescribed statutory maximum sentence for which the defendant was convicted. Did the district court violate appellant's Sixth Amendment right to a jury trial when it imposed an upward durational departure from the presumptive sentence for first-degree criminal sexual conduct?

## ANALYSIS

We review a constitutional challenge de novo. *State v. Wright*, 588 N.W.2d 166, 168 (Minn.App.1998), *review denied* (Minn. Feb. 24, 1999).

Dettman argues under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that the district court violated his Sixth Amendment right to a jury trial when it imposed an upward dura-

tional departure based solely on its own findings of fact.

The district court sentenced Dettman to an upward durational departure of 216 months in prison based on aggravated factors relating to the psychological impact on the victim and the particular cruelty with which he treated her. As to the ground of particular cruelty, the court found that Dettman exploited his knowledge of the victim's relationship with her boyfriend to lure her to his apartment; that he engaged in multiple forms of penetration; that he planned and prepared for the assault; and that he ordered the victim to engage in especially repulsive acts.

■ Generally, if the United States Supreme Court announces a new rule of federal constitutional procedure while a defendant's case is pending, the defendant is entitled to benefit from that rule. *O'Meara v. State*, 679 N.W.2d 334, 339 (Minn.2004). A defendant's case is pending if all rights to appeal and certiorari have not yet been exhausted. *Id.*

The Court's holding in *Blakely* is a new procedural rule. *State v. Petschl*, 692 N.W.2d 463, 471 (Minn.App.2004), *review denied* (Minn. Jan. 20, 2005). Dettman filed a notice of appeal on May 27, 2004, approximately one month before *Blakely* was decided on June 24, 2004.

■ Because Dettman's appeal was pending on direct review when *Blakely* was decided, and because *Blakely* creates a new procedural rule, Dettman is entitled to consideration of his sentence under that new rule.

■ In *Blakely*, the Court expounded upon its holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must

be submitted to a jury." 124 S Ct. at 2536 (quoting *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63). After *Blakely,* the maximum sentence that a district court can impose must be based solely on "the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 124 S.Ct. at 2537. According to *Blakely,* a defendant has a Sixth Amendment right to a jury determination of any fact, except the fact of a prior conviction, that increases the sentence above this maximum. *Id.* at 2543. This court has applied *Blakely* to Minnesota's sentencing guidelines scheme, holding that "when a [district court] imposes an upward durational departure from the presumptive, fixed sentence established by the Sentencing Guidelines Commission, the [district court's] reasons for departing must be supported by facts that were found by a jury or admitted by the defendant." *State v. Conger,* 687 N.W.2d 639, 644 (Minn.App.2004), *review granted* (Minn. Dec. 22, 2004) (appeal stayed pending decision in *State v. Shattuck,* C6–03–362).[1]

Because Dettman pleaded guilty to first-degree criminal sexual conduct and waived his right to a jury trial on the charge, the findings supporting the upward durational departure were made solely by the district court. But we conclude under *Blakely* that Dettman is entitled to a jury determination of any fact that increases the presumptive sentence.

We now turn to the question of whether Dettman admitted the facts supporting the district court's sentence. Recently, in *State v. Hagen,* 690 N.W.2d 155, 158–60 (Minn.App.2004), we addressed the "ad-

mission exception" to the general rule in *Blakely.* In that case, we stated that, in the context of waiving the constitutional right to a jury trial, there is "no basis to distinguish a stipulation to an aggravating sentencing factor from a stipulation to an element of the offense." *Id.* at 159. In other words, before it may be said that a defendant has made admissions for purposes of the exception to the rule in *Blakely,* the defendant must be "informed that he had a right to a jury determination on any fact used to support an upward sentencing departure" and his corresponding waiver regarding that right must be "full-scale, on-the-record oral or written." *Id.* We also noted that such admissions should be made at the plea hearing rather than the sentencing hearing. *Id.* at 160.

At his plea hearing, Dettman admitted to luring the victim to his apartment by deceit; to penetrating her vagina in multiple forms; and to causing her fear of great bodily harm by telling her and gesturing that he would cut her throat if she did not cooperate. But while the district court informed Dettman of his general right to a jury trial on the elements of his crime, it did not inform him of right to a jury determination on any fact used to support an upward durational departure.

Because Dettman did not expressly waive his right to a jury determination of any fact supporting an upward durational departure, his "admissions" at the plea hearing should not be considered as such for purposes of the exception to the rule in *Blakely.*

---

1. The supreme court granted review in *Conger,* but stayed further processing of that matter pending a final decision in *State v. Shattuck,* 689 N.W.2d 785 (Minn.2004). By order filed earlier, on December 16, the supreme court held that the imposition of an upward durational departure based on aggravating

factors not considered by the jury violated the defendant's right to a jury trial under *Blakely. State v. Shattuck,* 689 N.W.2d 785 (Minn. 2004) (per curiam). The court indicated that a full opinion would follow and directed supplemental briefing addressing the appropriate remedy. *Id.*

Dettman also argues that the district court's findings do not justify the upward durational departure, but because we are remanding for further proceedings, we do not address the sufficiency of the facts found by the district court to support a departure.

## DECISION

Because the district court imposed an upward durational departure based on facts not found by a jury or knowingly admitted by appellant, we reverse and remand for resentencing consistent with the mandates of *Blakely*.

**Reversed and remanded.**