*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0061**

State of Minnesota,
Respondent,

vs.

Guy Anthony Keezer, Jr.,
Appellant.

**Filed December 7, 2015
Affirmed
Stauber, Judge**

Becker County District Court
File No. 03-CR-14-1089

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Gretchen D. Thilmony, Becker County Attorney, Kevin M. Miller, Assistant County Attorney, Detroit Lakes, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Stauber, Judge; and Reyes, Judge.

## U N P U B L I S H E D   O P I N I O N

**STAUBER**, Judge

Appellant challenges his fifth-degree assault sentence, arguing that the enhanced sentence was invalid because the district court relied on an aggravating factor that

duplicated an essential element of the offense, found facts in violation of appellant's *Blakely* trial rights, and imposed an upward sentencing departure that was disproportionate to the seriousness of the offense. We affirm.

## FACTS

Appellant Guy Anthony Keezer, Jr., was charged with two counts of fifth-degree felony assault arising out of an incident that occurred on May 22, 2014. The victim, D.D., was a home-health-care nurse on the White Earth reservation. On May 22, she was examining M.M., a regular patient. Keezer, who is M.M.'s nephew, was sitting in M.M.'s living room. D.D. chatted with M.M. and set up his medications, then began taking his vital signs, such as blood pressure and heart sounds. She was writing down the results when Keezer grabbed her from behind and put her in a choke hold with one arm around her neck and one arm around her mouth. M.M. yelled at Keezer, who released D.D. M.M. grabbed a knife and made sure Keezer was gone so that D.D. could run to her car. D.D.'s lip was bruised and swollen from the assault, and she was so frightened after the incident that she was unable to resume her home-health duties.

A jury found Keezer guilty of two counts of fifth-degree felony assault. The state sought an upward-durational sentencing departure based on Minn. Sent. Guidelines 2.D.3.b(3) (Supp. 2013), which permits a sentencing departure if the defendant has a prior conviction for criminal sexual conduct or an offense involving an injury and the current offense is criminal sexual conduct or involves a victim injury. Keezer had a prior conviction for first-degree criminal sexual conduct, and the district court concluded that the fact of that conviction did not need to be determined by a sentencing jury. The jury

2

found that the victim had been injured during the current offense. Based on this finding and the prior conviction, the district court imposed a 48-month sentence, an upward departure from the presumptive 33-month sentence. The district court also concluded that the assault was more serious than the typical fifth-degree assault because the victim was providing nursing care, Keezer did not know her and had no "history or dispute with her," the attack was unprovoked, it occurred while she was working with a patient whom she trusted, and Keezer attacked her from behind. Keezer appeals from the sentence.

## D E C I S I O N

Keezer challenges the upward durational departure from the presumptive sentence on three grounds: (1) the district court's basis for aggravating the sentence under Minn. Sent. Guidelines 2.D.3.b(3) is invalid because it duplicates elements of the offense and his criminal-history score; (2) he did not waive his *Blakely* rights on the grounds considered by the district court to enhance his sentence; and (3) his conduct was not significantly more serious than a typical felony fifth-degree assault.

We review the district court's decision to depart from a presumptive sentence for an abuse of discretion. *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003). But the question of whether the court relied on proper reasons to depart is a question of law, which we review de novo. *Dillon v. State*, 781 N.W.2d 588, 595 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Generally, a district court may not impose an enhanced sentence unless there are substantial and compelling circumstances justifying an upward-durational departure from a presumptive sentence. *Id.* The Minnesota Sentencing Guidelines provide a non-exclusive list of aggravating factors. *Id.*; Minn.

3

Sent. Guidelines 2.D.3.b. In addition to the listed factors, other circumstances may provide a basis for an upward departure if they make the offense "atypical" and render an aggravated sentence "more appropriate, reasonable, or equitable than the presumptive sentence." *State v. Bingham*, 406 N.W.2d 567, 570 (Minn. App. 1987) (quotation omitted); Minn. Stat. § 244.10, subd. 4 (2014) (providing that state is not limited to aggravating factors specified in sentencing guidelines). But "[c]onduct that constitutes proof of the criminal offense cannot be a circumstance justifying an upward departure." *Dillon*, 781 N.W.2d at 595.

Here, the district court based the aggravated sentence on Minn. Sent. Guidelines 2.D.3.b(3). This aggravating factor permits the district court to upwardly depart from the presumptive sentence if "[t]he current conviction is for a criminal sexual conduct offense, *or* an offense in which the victim was otherwise injured, and the offender has a prior felony conviction for a criminal sexual conduct offense *or* an offense in which the victim was otherwise injured." *Id.* (emphasis added). Keezer argues that this was improper because the charged offense, fifth-degree assault, requires proof that he intentionally inflicted or attempted to inflict bodily harm upon D.D. Minn. Stat. § 609.224, subd. 1(2) (2012). Therefore, Keezer contends, the repeat-offender factor cannot be used because the charged offense itself requires injury or an attempt to injure.

In its recent opinion in *State v. Meyers*, 869 N.W.2d 893 (Minn. 2015), the supreme court considered an aggravated sentence based on the repeat-offender aggravating factor. Meyers was convicted of first-degree assault resulting in serious injury to the victim. *Meyers*, 869 N.W.2d at 895. The sentencing jury found that Meyers

4

intentionally injured the victim during the assault and that he had a prior criminal sexual-conduct conviction, and the district court relied on these findings to impose an aggravated sentence. *Id.* This court affirmed, and Meyers sought review, arguing that "the repeat offender aggravating factor cannot be applied to his conviction because that factor duplicates an element of his first-degree assault conviction." *Id.* at 896. The supreme court affirmed, reasoning that although the repeat-offender aggravating factor may duplicate an element of the charged offense, it "includes facts other than those needed to prove the offense of conviction." *Id.* at 899. Because the repeat-offender aggravating factor required a prior conviction of a certain type, it did not duplicate the elements of the charged offense. *Id.* The supreme court concluded that "the Legislature, through the repeat offender aggravating factor, has expressly determined that recidivism for particular felonies is a valid basis for an upward sentencing departure." *Id.* at 900.

Like Meyers, Keezer had a prior criminal-sexual-conduct conviction; like the jury in *Meyers*, the jury here found that Keezer injured D.D during the current offense. The district court did not err by relying on the repeat-offender aggravating factor to impose an upward sentencing departure.[1]

Keezer also argues that using a prior conviction as part of an aggravating factor improperly exaggerates his criminal-history score because the criminal-sexual-conduct

---

[1] Keezer also argues that this court's decision in *State v. Meyers* limited use of the repeat-offender aggravating factor so that "courts can consider this aggravating factor only if the current conviction is for a crime that involved injury to a victim, and the court can only apply this factor if the defendant has a previous conviction for a crime involving injury to a victim." 853 N.W.2d 819, 824 (Minn. App. 2014), *aff'd.* 869 N.W.2d 893 (Minn. 2015). The supreme court's opinion does not include this limitation.

conviction is used twice. The supreme court rejected this argument in *Meyers*. *Id.* at 900-01.

Next, Keezer argues that his right to have a jury decide the facts that serve as a basis for an upward sentencing departure was violated when the district court recited that there were "substantial and compelling reasons to depart from the guidelines in this case." During sentencing, the district court stated that it was departing upwardly from the presumptive sentence based on the repeat-offender aggravating factor, but the court added that there were other compelling facts that supported a departure and explained that it found this assault was "more serious than the typical fifth degree assault." It listed several reasons: the victim was at work providing medical care; Keezer had no dispute with her; the attack was unprovoked; she was in a situation where she had reason to feel safe; and Keezer came up behind her and assaulted her.

The district court's reason for an upward departure is reviewed de novo as a question of law. *Dillon*, 781 N.W.2d at 595. Here, the district court's reason for departure was the repeat-offender aggravating factor, a proper reason for departure according to *Meyers*. But having determined that there is a proper reason on which to base a departure, we next review the district court's decision to depart for an abuse of discretion. *Id.* A district court retains discretion to depart or not depart from a presumptive sentence even in the presence of an adequate reason for departure; ultimately, the district court "should exceed the presumptive sentence only if it deems the lengthened term to be more appropriate, reasonable, or equitable than the presumptive sentence." *Id.* at 594 (quotation omitted). The district court explained why it decided to

exercise its discretion to depart, permitting the reviewing court to determine whether the departure decision was an abuse of discretion. *See id.* at 595-96. This is not a denial of Keezer's rights under *Blakely*.

Finally, Keezer argues that the district court abused its discretion by imposing an enhanced sentence because the assault here was not more serious than a typical assault. Even when proper grounds for departure exist, we will review the sentence to determine if it is excessive or unjustifiably disparate. *Meyers*, 869 N.W.2d at 900. Generally, a reviewing court will defer to the district court's determination if the enhanced sentence falls between the presumptive sentence and double the presumptive sentence. *Dillon*, 781 N.W.2d at 596. The permissible considerations vary from case to case, and the reviewing court is less deferential as the aggravated sentence approaches or exceeds double the presumptive sentence. *Id.* at 598.

The upward departure here was 15 months, from a presumptive 33-month sentence to a 48-month enhanced sentence. The statutory maximum is five years or 60 months. *See* Minn. Stat. § 609.224, subd. 4 (2012). The departure is not so great that it triggers non-deferential review. *See Dillon*, 781 N.W.2d at 598 (concluding that "review of the length of a more-than-doubled sentence should be less deferential"). The district court's explanation of its reasons for departing are adequate, and its decision to depart was not an abuse of discretion.

**Affirmed.**