STATE OF MINNESOTA

IN SUPREME COURT

A15-0698

McLeod County                                                    Gildea, C.J.
                                            Took no part, Anderson, Chutich, JJ.

Toby Earl Johnson,

                    Appellant,

vs.                                                       Filed:  April 13, 2016
                                                        Office of Appellate Courts

State of Minnesota,

                    Respondent.

_____

Daniel P. Repka, Repka Law, LLC, Saint Paul, Minnesota; and

Samuel A. Savage, Savage Law, LLC, Minneapolis, Minnesota, for appellant.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael K. Junge, McLeod County Attorney, Daniel R. Provencher, Assistant McLeod County Attorney, Glencoe, Minnesota, for respondent.

_____

S Y L L A B U S

Because the postconviction court properly construed appellant's motion brought pursuant to Minn. R. Crim. P. 27.03, subd. 9, as a petition for postconviction relief, and the petition was untimely under Minn. Stat. § 590.01, subd. 4(a) (2014), the court did not err in denying the petition.

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

GILDEA, Chief Justice.

Appellant Toby Earl Johnson appeals from the postconviction court's denial of his motion to correct his sentence. The postconviction court concluded that Johnson's motion was, in effect, a petition for postconviction relief under Minn. Stat. § 590.01 (2014), and that it was both untimely and procedurally barred. Because the postconviction court properly construed Johnson's motion as a petition for postconviction relief, and Johnson failed to file his petition within the 2-year limitations period, Minn. Stat. § 590.01, subd. 4(a), we affirm.

In 1999, Johnson participated in the kidnapping and murder of Randy Pool.[1] Johnson was consequently indicted on charges of first-degree intentional murder while committing a kidnapping (count one), Minn. Stat. § 609.185(3) (1998); second-degree intentional murder (count two), Minn. Stat. § 609.19, subd. 1(1) (2000); and kidnapping (count three), Minn. Stat. § 609.25, subd. 1(3) (2000). The day before the trial started, Johnson entered into a plea agreement with the State.

Under the plea agreement, the State agreed to dismiss count three and amend count one to aiding and abetting first-degree murder in return for Johnson's plea of guilty to amended count one and to count two. The parties also agreed that if Johnson provided information that the prosecutor, in his "sole discretion," deemed "useful," a judgment of conviction would be entered on count two and Johnson would receive an executed

---

[1]    A more detailed factual account can be found in *Johnson v. State* (*Johnson I*), 641 N.W.2d 912, 913-15 (Minn. 2002).

2

sentence between 30 to 36 years—an upward durational departure. On the other hand, if the prosecutor determined that Johnson did not provide "useful" information, the State would seek a conviction on amended count one and Johnson would receive a life sentence, with the possibility of release after 30 years.

Johnson indicated that he understood the terms of the agreement, signed it, and pleaded guilty to both counts. Johnson then testified to the factual basis of his plea. Johnson admitted, in particular, that he hit Pool a few times; that he watched over Pool while Pool was detained; and that he assisted in cleaning up the house and disposing of Pool's car following Pool's murder.

The district court accepted Johnson's plea. The State asked the court to convict Johnson on amended count one. After considering arguments regarding whether Johnson had provided "useful" information to the State, the court, without expressing its reasons, convicted Johnson on amended count one and sentenced him to a mandatory life sentence with the possibility of release after 30 years.[2]

One year later, Johnson petitioned for postconviction relief under Minn. Stat. § 590.01. Johnson argued that his plea agreement with the State violated the separation of powers doctrine because it gave the prosecutor the "sole discretion" to select Johnson's conviction and sentence. *Johnson I*, 641 N.W.2d at 916-17. We rejected

---

[2] In *Johnson I*, we noted that "Johnson benefited from th[is] plea agreement even though he was sentenced on amended count one because if Johnson had been convicted on the original count one, he would have faced life in prison without the possibility of release." 641 N.W.2d at 918. We further acknowledged that Johnson's sentence was authorized "under Minn. Stat. § 244.05, subd. 4 (1998)." *Id.* at 915 n.2.

3

Johnson's claim, concluding that the facts surrounding Johnson's conviction and sentence did not indicate that the district court had abdicated its judicial authority to determine the final disposition of Johnson's case. *Id.* at 918. Accordingly, we affirmed the postconviction court's denial of relief. *Id.*

In 2010, Johnson filed a motion to correct his sentence pursuant to Minn. R. Crim. P. 27.03, subd. 9. *Johnson v. State* (*Johnson II*), 801 N.W.2d 173, 175 (Minn. 2011). Johnson again challenged the validity of his guilty plea. *Id.* In addition, Johnson argued for a reduction of his sentence in the interests of justice, contending that his sentence was "disproportionate not only to the factual basis at the plea hearing but to the punishments received by other members of the group" who participated the murder. *Id.* Although the postconviction court granted Johnson relief with respect to a mistaken citation to the second-degree murder statute (correcting it as a clerical error under Minn. R. Crim. P. 27.03, subd. 10), the court denied relief on Johnson's other claims, concluding that those claims were properly treated as requests for postconviction relief under Minn. Stat. § 590.01. *Johnson II*, 801 N.W.2d at 175. The court then concluded that our holding in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), barred Johnson's claims. *Johnson II*, 801 N.W.2d at 175.

On appeal, we agreed with the postconviction court that Johnson's claims were properly construed as claims under Chapter 590, and we affirmed. *Id.* at 176-77. Specifically, we reasoned that Johnson's assertions dealt only with "the validity of his guilty plea," *id.* at 175, and because the plain language of Minn. R. Crim. P. 27.03, subd. 9 did not allow a defendant to challenge his conviction in this manner, Johnson's

4

"exclusive remedy . . . [was] in a proceeding for postconviction relief," *id.* at 176. Having concluded that Chapter 590 applied, we held that Johnson's petition was untimely, as he failed to file his motion by July 31, 2007—the last day by which Johnson could have timely filed—and no exceptions to the statute of limitations applied. *Id.* at 176-77.

On February 2, 2015, Johnson filed the present motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. In his pro se motion, Johnson argued, among other things, that his sentence is repugnant to the Eighth Amendment to the Constitution of the United States because it is disproportionate and unfair when compared to the shorter sentences and more culpable conduct of his codefendants. He therefore requested that his sentence be reduced. The postconviction court denied Johnson's request for a hearing, concluding that his motion was, in effect, a petition for postconviction relief, and that it was both untimely and *Knaffla*-barred. Relying on his Eighth Amendment claim, Johnson appeals.

## I.

We turn first to Johnson's contention that the postconviction court erred when it construed Johnson's motion as a petition for postconviction relief. Johnson argues that the Eighth Amendment to the Constitution of the United States establishes that his sentence is "not authorized by law," which Rule 27.03, subdivision 9 allows a court to correct "at any time." The postconviction court explained that because "[Johnson had] bargained for and obtained dismissal of certain charges and a potential life sentence without parole in exchange for the possibility of a lesser sentence," the "conviction and

5

sentencing components of [his] plea agreement [were] interrelated," and therefore a Rule 27.03, subdivision 9 motion to correct a sentence was "inappropriate." Accordingly, the court construed the motion as a petition for postconviction relief. We agree with the postconviction court.

We have determined that those "who bring[] what is, in substance, a challenge to a criminal conviction cannot use Rule 27.03, subdivision 9, to circumvent the procedural requirements of the postconviction statute." *Wayne v. State*, 870 N.W.2d 389, 391 (Minn. 2015). Rather, the "exclusive" method of challenging a criminal conviction is in a proceeding for postconviction relief under Minn. Stat. § 590.01. *Wayne*, 870 N.W.2d at 391. A motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, by contrast, is plainly "limited to . . . modifying a sentence." *Wayne*, 870 N.W.2d at 391 (quoting *State v. Coles*, 862 N.W.2d 477, 480 (Minn. 2015)). A postconviction court, therefore, does not err in construing a Rule 27.03, subdivision 9 motion as a petition for postconviction relief where the appellant's challenge "implicates more than simply his sentence."[3] *Coles*, 862 N.W.2d at 482.

The postconviction court properly treated Johnson's Rule 27.03, subdivision 9 motion as a petition for postconviction relief. In *Coles*, we held that "where the sentence at issue is imposed as part of a plea agreement" and the appellant's requested relief would

---

[3]     As in *Wayne*, 870 N.W.2d at 391-92 n.2, we do not need to decide the standard by which we will review a postconviction court's decision to construe a Rule 27.03, subdivision 9 motion as a petition for postconviction relief. This is so because, regardless of the standard of review that applies, we would conclude that the postconviction court here did not err when it construed Johnson's motion as a petition for postconviction relief.

6

alter the benefit of the bargain struck, Minn. R. Crim. P. 27.03, subd. 9 "does not apply."[4] 862 N.W.2d at 481. In such a circumstance, we reasoned, the terms of the plea are essentially rejected, and the district court would be "free to consider the effect that changes in the sentence ha[d] on the entire plea agreement." *Coles*, 862 N.W.2d at 481 (quoting *State v. Lewis*, 656 N.W.2d 535, 589 (Minn. 2003)). *Coles* is dispositive of the issue here. Just as in *Coles*, if we were to permit a reduction of Johnson's sentence, Johnson would retain the benefits he received under the agreement, i.e., the dismissal of a kidnapping charge as well as the avoidance of a life sentence without the possibility of release. But the State, which under the agreement bargained for no less than a 30-year sentence, would not retain the benefit of its bargain.[5] Accordingly, as we discussed in *Coles*, the district court here would be free to consider whether to permit the State to withdraw from the plea agreement and move forward to trial on Johnson's original charges. The relief sought by Johnson plainly "implicates more than simply his

---

[4] By contrast, in *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007), the sentence corrected under Rule 27.03, subdivision 9 was to be imposed, per the terms of the plea agreement, in accordance with the apposite Minnesota sentencing guidelines. *Coles*, 862 N.W.2d at 481 n.4. Correcting Maurstad's erroneous criminal score and resentencing him according to the proper guideline, therefore, "did not deprive either side of the benefit of the bargain reached in the plea agreement." *Id.*

[5] The State also sought to benefit from the agreement by incentivizing Johnson to come forward with "useful" information. Although reducing Johnson's sentence would have no bearing on that long-past potential benefit, reducing Johnson's sentence would strip the State of the 30-year minimum sentence that it bargained for and that Johnson freely consented to in light of the benefits he would receive.

sentence," *id.* at 481-82, and we accordingly conclude that the postconviction court did not err in treating Johnson's motion as a petition for postconviction relief.[6]

## II.

Viewing the motion through the lens of the postconviction statute, it is clear that the postconviction court properly dismissed Johnson's claim as untimely. Johnson filed the present request for relief on February 2, 2015, more than 2 years after his conviction became final. Johnson's request is therefore untimely. *See* Minn. Stat. § 590.01, subd. 4(a)(1). And although Johnson raises various contentions with respect to *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), he does not make any arguments that an exception to the statute of limitations applies. *See* Minn. Stat. § 590.01, subd. 4(b) (listing exceptions). Our review of the record does not indicate that any such exception applies. Accordingly, we hold that Johnson's request was untimely filed under Minn. Stat. § 590.01, subd. 4(a).

Affirmed.


ANDERSON, J., took no part in the consideration or decision of this case.

CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

[6] Because we conclude that Johnson's motion was properly treated as a petition for postconviction relief based on our holding in *Coles*, we need not decide whether an Eighth Amendment claim can properly be considered under Minn. R. Crim. P. 27.03, subd. 9 in other circumstances.

8