**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0872**

Mathew Paul Crow, petitioner,
Respondent,

vs.

State of Minnesota,
Appellant.

**Filed April 6, 2026**
**Reversed and remanded**
**Harris, Judge**

Redwood County District Court
File Nos. 64-CR-22-667, 64-CR-22-682

Cathryn Middlebrook, Chief Appellate Public Defender, Andrew J. Nelson, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Shannon Ness, Redwood County Attorney, Redwood Falls, Minnesota; and

Travis J. Smith, Special Assistant County Attorney, Slayton, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Harris, Judge; and Bond, Judge.

**SYLLABUS**

When a defendant challenges an impermissible consecutive sentence imposed as part of an agreed-upon sentence in a plea agreement, and a guidelines sentence would alter the benefit of the bargain, the district court may consider a motion to withdraw from the plea agreement and is not required to impose a guidelines sentence.

**OPINION**

**HARRIS**, Judge

In this prosecution appeal from the district court's order granting respondent's postconviction petition, appellant argues that the postconviction court abused its discretion by vacating a sentence that was negotiated as part of the plea agreement when no compelling or substantial circumstances were articulated to support an upward departure. Relying on the supreme court's decisions in *Lewis*, *Coles*, and *Johnson*, appellant argues that the district court should have considered its motion to withdraw from the plea agreement instead of concluding that the only remedy was to impose a guidelines sentence. *State v. Lewis*, 656 N.W.2d 535, 539 (Minn. 2003); *State v. Coles*, 862 N.W.2d 477, 481 (Minn. 2015); *Johnson v. State*, 877 N.W.2d 776, 779 (Minn. 2016). Because the district court concluded, based on an erroneous view of the law, that imposition of a guidelines sentence was the only available remedy and that it was not allowed to entertain respondent's motion to withdraw from the plea agreement, after the defendant challenged an impermissible consecutive sentence imposed as part of an agreed-upon sentence in a plea agreement, we reverse the postconviction order and remand for further proceedings not inconsistent with this opinion.

**FACTS**

On October 18, 2022, appellant State of Minnesota charged respondent Mathew Paul Crow with 24 counts of felony possession of pornographic works involving minors by a registered predatory offender, in violation of Minnesota Statutes section 617.247, subdivision 4(b) (2018). The complaint alleged that in September 2019, law enforcement

located cellphones in Crow's possession containing several pornographic works involving minors.

On October 25, 2022, in a separate complaint, the state charged Crow with an additional 24 counts of felony possession of pornographic works involving minors under the same statute. The second complaint alleged that in June 2020, law enforcement located a tablet in Crow's possession containing several pornographic videos, images, and searches for similar material.

In February 2023, the parties reached a plea agreement. Crow agreed to plead guilty to count one in the first file and three counts in the second file. The parties agreed that Crow would receive consecutive 100-, 84-, 18-, and 18-month executed prison sentences for a total sentence of 220 months. In exchange for Crow's guilty pleas, the state agreed to dismiss the remaining 44 counts in both complaints. In March 2023, Crow pleaded guilty to all four counts charged, and the district court accepted Crow's pleas.

At the sentencing hearing, the district court imposed consecutive sentences as agreed upon by the parties. Specifically, the district court imposed a 100-month executed prison sentence in the first file based on a criminal-history score of six points. And in the second file, the district court imposed an 84-month sentence on count one, using a criminal-history score of seven points, which is the middle of the presumptive range, and two consecutive 18-month sentences on the remaining two counts, using a criminal-history score of zero.[1] Both the district court and the parties mistakenly believed that Minnesota

---

[1] Under Minnesota Sentencing Guidelines 2.F.2.b, "the court must use a Criminal History score of 0, or the mandatory minimum for the offense, whichever is longer, to determine

3

Sentencing Guidelines 2.F.2.b, did not apply to separate sentences involving multiple victims.

Because 84 months was within the presumptive guidelines sentence for a person with a criminal-history score of seven, the district court did not make any findings on aggravating factors or state any reasons for an upward departure on the record. The district court dismissed the remaining charges in both files pursuant to the agreement.

In May 2024, Crow filed a postconviction petition, arguing that the 84-month consecutive sentence constituted an unlawful aggravated departure.[2] Crow argued that the only appropriate remedy was to vacate his 84-month sentence and impose the presumptive guidelines sentence of 18 months, reducing his total sentence from 220 months to 154 months. The state conceded that, based on a mutual mistake of law, the failure to use a criminal-history score of zero when calculating Crow's sentence constituted an unlawful departure from the sentencing guidelines. But the state argued that because Crow's challenge implicated the plea agreement, the appropriate remedy was to set the matter for resentencing, at which the court could consider whether to allow the state to withdraw from the agreement and move forward to trial.

The postconviction court granted Crow's petition for postconviction relief, in part, reasoning that because the state agreed to dismiss over 90% of the charges against Crow as part of the plea agreement, Crow's conviction and sentencing were interrelated. Quoting

the presumptive duration. A consecutive sentence at any other duration is a departure." Minn. Sent'g Guidelines 2.F.2.b (Supp. 2019).

[2] Crow did not file a direct appeal.

4

the supreme court's decision in *Lewis*, 656 N.W.2d at 539, the postconviction court noted that "when a defendant successfully challenges an agreed-upon sentence that has been negotiated as part of a plea agreement, 'the district court should be free to consider the effect that changes in the sentence have on the entire plea agreement.'" Ultimately, the postconviction court concluded that by challenging his sentence, Crow implicated the plea agreement. The postconviction court set the matter for a hearing. The state moved to withdraw from the plea agreement. Crow appealed the order setting a hearing and we dismissed Crow's appeal, reasoning that the postconviction court's order was not a final appealable order because the district court had not denied Crow's petition.

At the hearing, Crow argued that the proper remedy for an unlawful departure from the sentencing guidelines was for the court to impose a guidelines sentence. He referenced *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985), and argued that the general rule is that if no reasons for departure are stated on the record at the time of sentencing, a departure is not allowed. Crow noted that *Williams* failed to identify an appropriate remedy, resulting in appellate courts inconsistently applying different remedies on remand. He also pointed out that some appellate court decisions have directed the district court to consider the effect on the plea agreement and later motions for plea withdrawals, while other appellate court decisions have directed the district court to remand for imposition of a guidelines sentence. Crow urged the postconviction court to remand for imposition of the guidelines sentence following *State v. Geller*, 665 N.W.2d 514 (Minn. 2003), and its subsequent line of cases.

By contrast, the state asserted that the appropriate remedy was for the court to consider its motion to withdraw from the plea agreement. It argued that the court should

5

follow *Lewis* and its subsequent line of cases, which permits the court to consider the entire plea agreement. 656 N.W.2d at 539; *see also Coles*, 862 N.W.2d at 481; *Johnson*, 877 N.W.2d at 779. The state maintained that by challenging his sentence, Crow "repudiated the terms of his plea agreement," forcing the state to "disgorge the benefit of its bargain."

The postconviction court issued an order granting Crow's petition for postconviction relief and set the matter for a sentencing hearing. The postconviction court "[signaled] its intention to vacate [Crow's] 84-month sentence on Count 1 in [the first file] and intention to impose an executed consecutive 18-month sentence in its place." The postconviction court ultimately found the *Geller* line of cases more persuasive and agreed with Crow's argument. And the postconviction court expressed concern over possible double-jeopardy implications if it granted the state's request to withdraw from the plea agreement and retry Crow on the original charges. The state appeals.

## ISSUES

I.  Did the postconviction court abuse its discretion by concluding that the only remedy available in this case was the imposition of a guidelines sentence?

II. Would allowing the postconviction court to consider the state's motion to withdraw from the plea agreement and proceed to trial be improper under the Double Jeopardy Clause?

## ANALYSIS

**I.  The postconviction court abused its discretion when it concluded that the only remedy available in this case was the imposition of a guidelines sentence.**

The state argues that the postconviction court abused its discretion in granting Crow's petition for postconviction relief and concluding that a guidelines sentence was the

6

only available remedy when a challenge to a sentence imposed as part of a plea agreement implicates more than the sentence itself.

We review a postconviction court's decision to grant postconviction relief for an abuse of discretion. *Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017) (quotation omitted). "A postconviction court abuses its discretion when it has exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Id.* (quotation omitted). We review the postconviction court's resolution of questions of law de novo, "but our review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Id.* (quotation omitted).

The district court must impose a sentence within the applicable range, unless there are "identifiable, substantial, and compelling circumstances." Minn. Sent'g Guidelines 2.D.1 (Supp. 2019). "If the court imposes a departure from the sentencing guidelines, the court must make findings of fact supporting the departure." Minn. R. Crim. P. 27.03, subd. 4(c). "If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed." *Williams*, 361 N.W.2d at 844.

Because the parties disagree on the appropriate remedy, we begin by reviewing the supreme court decisions in *Lewis*, *Geller*, *Coles*, and *Johnson*. We then review whether *Geller* implicitly overruled *Lewis*. Next, we review our opinions in *Rannow*, *Amundson*, and *Arola Johnson*, to determine whether they are inconsistent with later supreme court authority in *Lewis*, *Coles*, and *Johnson*. *State v. Rannow*, 703 N.W.2d 575 (Minn. App. 2005); *State v. Amundson*, 828 N.W.2d 747 (Minn. App. 2013); *State v. Arola Johnson*,

7

999 N.W.2d 103 (Minn. App. 2023). We then discuss why *Amundson* and *Arola Johnson* involve materially different circumstances than the circumstances before us. Next, we consider whether *Rannow* is distinguishable from the facts before us, concluding that it is not. And to the extent that our decision in *Rannow* conflicts with *Lewis*, *Coles*, and *Johnson*, we conclude that the supreme court in *Johnson* and *Coles* implicitly overruled *Rannow*. Finally, we conclude that the district court abused its discretion in granting Crow's postconviction petition because it erroneously determined that it was not allowed to entertain the state's motion to withdraw from the plea agreement where the challenge to a sentence imposed as part of a plea agreement implicated more than the sentence.

A.    **Review of Minnesota Supreme Court decisions in *Lewis*, *Geller*, *Coles*, and *Johnson*.**

We begin with a review of the supreme court's decisions in *Lewis*, *Geller*, *Coles*, and *Johnson*.

In *Lewis*, the supreme court considered whether, on remand, a district court may reconsider the conviction component of a plea agreement if it finds that there is no support for a departure from the sentencing guidelines for the sentencing component of the plea agreement. 656 N.W.2d at 538-39. The court held that because the conviction and sentence in such circumstances are interrelated, the district court "may consider motions to vacate the conviction and the plea agreement." *Id.* at 539. Lewis pleaded guilty pursuant to a plea agreement that included a stayed sentence longer than the presumptive sentence under the Minnesota Sentencing Guidelines. *Id.* at 536. Lewis appealed, arguing that the upward departure was not supported by substantial and compelling circumstances. *Id.* at

8

537. This court affirmed the conviction but reversed the sentence and remanded with instructions to impose the presumptive sentence, relying on *State v. Misquadace*, 644 N.W.2d 65, 72 (Minn. 2002).[3] *Lewis*, 656 N.W.2d at 537. On further review, the supreme court concluded that this court "read *Misquadace* too narrowly." *Id.* at 538. The supreme court explained that *Misquadace* did not address whether, on remand, a district court may reconsider the conviction component of a plea agreement when no aggravating circumstances justify a sentencing departure. *Id.* at 538-39. Because the conviction and sentencing components of a plea agreement are "interrelated," the supreme court determined that the district court should be permitted to consider the effect that modification of the sentence has on the plea agreement as a whole. *Id.* at 539.

Six months after its decision in *Lewis*, the supreme court decided *Geller*. In *Geller*, the supreme court addressed whether a district court may state reasons for departure on the record after the fact, if it failed to do so at the time of sentencing. 665 N.W.2d at 517. Geller pleaded guilty to burglary and fleeing charges in exchange for an executed sentence constituting an upward durational departure. *Id.* at 515-16. The district court failed to state the reasons for the departure on the record at the time of sentencing. *Id.* On remand, this court ordered the sentencing court to "either state the reasons on the record for the departure or impose the presumptive sentence." *Id.* at 515. The supreme court granted further review and reaffirmed *Williams*, 361 N.W.2d at 844, which held that if the district court failed to

---

[3] In *Misquadace*, the supreme court held that departures from the sentencing guidelines must be supported by substantial and compelling circumstances, and that a plea agreement, standing alone, is not a sufficient basis to justify a departure. 644 N.W.2d at 72.

9

state reasons for departure at the time of sentencing, no departure would be allowed. *Id.* at 516-17. Accordingly, the supreme court held that it was impermissible for the court of appeals to give the district court another opportunity to state reasons for a sentencing departure after the fact and remanded the case for imposition of the presumptive guidelines sentence. *Id.* at 517.

Next, in *Coles*, the supreme court considered whether a defendant may challenge an upward departure under Minnesota Rule of Criminal Procedure 27.03 when the sentence was imposed pursuant to a plea agreement under which the state agreed to dismiss other pending charges. 862 N.W.2d at 478-79. There, Coles entered into a plea agreement in which the state agreed to dismiss several charges against him. In exchange, Coles agreed to receive a sentence for a lesser charge that was an upward durational departure. *Id.* at 477. The district court accepted Coles's guilty plea and sentenced him under the terms of the plea agreement. *Id.* at 478. Nine years later, Coles filed a supplemental petition labeled "petition for postconviction relief," but instead of requesting to vacate his conviction and set aside the judgment, Coles requested a sentence correction under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. *Id.* at 479. The district court construed his request as a petition for postconviction relief and denied his request as time-barred under Minnesota Statutes section 590.01, subdivision 4(a) (2012). *Id.* This court affirmed, concluding that because Coles's challenge implicated his conviction, the district court properly construed his request as a time-barred petition for postconviction relief. *Id.* Coles argued that because he was challenging only his sentence, and not the plea agreement or conviction, his rule 27.03 motion was proper. *Id.* at 481. The supreme court rejected this

10

argument, reasoning that, where the sentence at issue is imposed as part of a plea agreement, a motion to change that sentence impacts more than simply the sentence, and rule 27.03 does not apply. *Id.* The court stated that "a challenge to a sentence imposed as part of a plea agreement involves more than simply the sentence," and that in some plea agreements, a conviction and a sentence are often "interrelated." *Id.* (citing *Lewis*, 656 N.W.2d at 539). The supreme court also noted that if a defendant succeeds in reducing their sentence, they would retain the benefit of a reduced criminal charge, leaving the state without the benefit of a longer sentence. *Id.* Thus, the supreme court concluded that the district court "would be free to consider the effect that changes in the sentence have on the entire plea agreement" if it reduced Coles's sentence based on improper departure justifications. *Id.* (citing *Lewis*, 656 N.W.2d at 539). Furthermore, the supreme court held that, when the "district court finds no compelling or substantial circumstances supporting an upward departure in the sentence that was agreed upon in a plea agreement, it may consider motions to vacate the conviction and the plea agreement." *Id.*

Finally, in *Johnson*, the supreme court considered whether a defendant could collaterally challenge his conviction by filing a motion to correct his sentence, where the sentence was imposed as part of a plea agreement and the requested relief implicated more than the sentence itself. 877 N.W.2d at 778-80. Johnson entered into a plea agreement in which he pleaded guilty to one count of aiding and abetting first-degree murder and one count of second-degree intentional murder in exchange for dismissal of the remaining charges. *Id.* at 777. The agreement further provided that if Johnson gave the prosecutor "useful" information, only the lesser count of second-degree intentional murder would

11

result in a sentence that included an upward durational departure; if the information was deemed not useful, the state would seek a conviction on aiding and abetting first-degree murder, carrying a mandatory life sentence. *Id.* After evaluating whether Johnson provided "useful" information, the district court convicted him of aiding and abetting first-degree murder and imposed a life sentence without stating reasons on the record. *Id.* Fifteen years later, Johnson filed a motion to correct his sentence under rule 27.03, subdivision 9. *Id.* The postconviction court construed the motion as a petition for postconviction relief under Minnesota Statutes section 590.01 and concluded it was time-barred and procedurally-barred. *Id.* at 778. Relying on *Coles*, the supreme court explained that where a sentence is imposed as part of a plea agreement, and the requested relief would alter the benefit of the bargain, rule 27.03, subdivision 9, does not apply. *Id.* at 779 (citing *Coles*, 862 N.W.2d at 481). Accordingly, the supreme court held that because the relief sought by Johnson "implicates more than simply his sentence," the postconviction court correctly interpreted Johnson's motion as a petition for postconviction relief and properly dismissed his claim as untimely. *Id.* (quoting *Coles*, 862 N.W.2d at 481).

**B.** ***Geller* does not implicitly overrule *Lewis.***

At oral argument, Crow appeared to suggest that because *Geller* was decided just six months after *Lewis*, *Geller* implicitly overruled *Lewis*. To support his argument, Crow points to the fact that *Geller* did not cite *Lewis* and did not mention *Lewis*'s alternative remedy of allowing the district court to consider the effect that changes to an agreed-upon sentence have on the entire plea agreement. This argument is unavailing.

12

While *Geller* does not cite *Lewis, Geller* and *Lewis* involve distinct issues arising from materially different facts. In *Geller*, the supreme court considered whether, on remand, a district court may be given a second opportunity to articulate reasons supporting a sentencing departure after the fact. 665 N.W.2d at 516. By contrast, *Lewis* addressed whether, on remand, a district court may reconsider the conviction component of a plea agreement after determining that there are no substantial and compelling circumstances to support a departure from the sentencing guidelines. 656 N.W.2d at 538-39. That issue was neither presented nor discussed in *Geller*. Because the two decisions concern different legal questions, we reject Crow's argument that *Geller* implicitly overruled *Lewis*.

**C.**      **Review of court of appeals decisions in *Rannow*, *Amundson*, and *Arola Johnson*.**

Next, we turn to this court's interpretation of *Lewis* and *Geller* as reflected in our decisions in *Rannow*, *Amundson*, and *Arola Johnson*.

In *Rannow*, we addressed the appropriate remedy when a district court fails to state any reasons on the record for a sentencing departure. 703 N.W.2d at 580. Rannow was charged with ten counts of violating a restraining order and one count of harassment. *Id.* at 577. Rannow agreed to enter an *Alford* plea to five of the ten counts, and, in exchange, the state agreed to dismiss the remaining charges. *Id.* The district court imposed consecutive sentences on each of the five counts, constituting an upward departure, without stating its reasons on the record. *Id.* On appeal, we determined that the district court abused its discretion by imposing consecutive sentences without identifying "any aggravating circumstances justifying a departure from the sentencing guidelines." *Id.* at 580. We stated

13

that "because the district court departed from the sentencing guidelines in accordance with a plea agreement, the facts were more analogous to *Misquadace* and *Lewis* than to *Geller*." *Id.* But we also concluded that the rule in *Geller* was clear and the most recent holding, and thus because *Geller* was decided after *Misquadace* and *Lewis*, and because *Geller* did not address *Misquadace* and *Lewis* in its decision, we must follow the rule in *Geller* and remand for imposition of a guidelines sentence. *Id.*

After *Rannow*, we considered in *Amundson* whether the appellant's consecutive sentences constituted an illegal sentence and, if so, what constituted the appropriate remedy. *Amundson*, 828 N.W.2d at 750. Amundson pleaded guilty to aiding an offender in exchange for a consecutive sentence that constituted an upward departure from the sentencing guidelines. *Id.* The district court imposed the sentence without stating its reasons for the upward departure. *Id.* at 752. Amundson properly brought a motion under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, and this court concluded that he was entitled to a sentence correction. *Id.* at 751-53. On appeal, the state conceded that Amundson's sentence constituted a departure but argued that the case should be remanded to allow the district court to provide reasons for the upward departure after the fact. *Id.* at 754. Citing *Geller*, we concluded that a departure was not allowed if the district court failed to state its reasons at the time of sentencing, and the only appropriate remedy was to remand for imposition of a guidelines sentence. *Id.* at 753-54.

Finally, in *Arola Johnson*, we considered whether the district court erred by imposing consecutive prison sentences. 999 N.W.2d at 110. Arola Johnson pleaded guilty to two counts of criminal sexual conduct pursuant to a plea agreement. *Id.* at 105. The

14

district court imposed consecutive stayed prison terms that departed from the sentencing guidelines without stating a reason at the time of sentencing. *Id.* at 112. Relying on our previous decision in *Rannow*, we concluded that we could not remand the case to the district court for "another opportunity to state the reasons for departure," and instead, we must "remand to the district court for imposition of the presumptive guidelines sentence." *Id.* (quoting *Rannow*, 703 N.W.2d at 580).

### D. *Amundson* and *Arola Johnson* involve materially different circumstances from the circumstances before us.

Crow argues that the present case is analogous to both *Amundson* and *Arola Johnson*. In each of those cases, as here, the defendants entered guilty pleas in exchange for the state's agreement to dismiss charges or refrain from pursuing additional charges. *Amundson*, 828 N.W.2d at 750; *Arola Johnson*, 999 N.W.2d at 106. Similarly, in all three cases, the defendants received agreed-upon sentences that ultimately constituted unlawful departures from the sentencing guidelines. *See Amundson*, 828 N.W.2d at 753; *Arola Johnson*, 999 N.W.2d at 112. And in both *Amundson* and *Arola Johnson*, we followed the remedy outlined in *Geller* and remanded for imposition of a guidelines sentence rather than allowing plea withdrawal, which Crow contends supports remanding here for the same purpose.

However, the present case is materially different. In *Arola Johnson*, the issue concerned whether the district court could be given another opportunity to state reasons supporting the sentencing departure. Here, the state is not seeking to allow the district court a second opportunity to articulate reasons for departure; rather, it seeks to withdraw

15

from the plea agreement because imposing a guidelines sentence would allow Crow to retain the benefit of the agreement while depriving the state of the benefit of its bargain. Similarly, in *Amundson*, the state requested remand to allow the district court to provide reasons for the upward departure—a remedy that is not sought in the present case. Unlike in this case, the state did not seek to withdraw from the plea agreements in *Arola*, *Johnson*, or *Amundson*. Accordingly, Crow's reliance on *Amundson* and *Arola Johnson* is unpersuasive.

### E. *Rannow* is not distinguishable from the case before us.

As a threshold matter, we examine whether *Rannow* is distinguishable from the present case. It is not. In *Rannow*, the parties agreed on an aggregate sentence in exchange for Rannow's guilty pleas to five counts of violating a restraining order, a departure from the sentencing guidelines. 703 N.W.2d at 577. The district court followed the terms of the plea agreement and imposed consecutive prison sentences for each of the five counts without articulating reasons for the departure at the time of sentencing. *Id.* After concluding that the sentence was illegal, the *Rannow* court considered the appropriate remedy. It examined *Geller*, 665 N.W.2d at 517, which directs imposition of the presumptive guidelines sentence, and *Lewis*, 656 N.W.2d at 539, which permits the district court to consider the effect of correcting a sentence on the plea agreement. *Rannow*, 703 N.W.2d at 580. Although the facts were more analogous to *Lewis*, the *Rannow* court determined that *Geller*, as the later decision, controlled. *Id.* Accordingly, it applied the remedy articulated in *Geller* and imposed the presumptive guidelines sentence. *Id.*; *see*

16

*Geller*, 665 N.W.2d at 580 ("[A]bsent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed.").

Here, like *Rannow*, the district court departed from the sentencing guidelines in accordance with the plea agreement. Under Minn. Sent'g Guidelines 2.F.2.b, "For each felony offense sentenced consecutively to another felony offense(s), the court must use a Criminal History Score of 0, or the mandatory minimum for the offense, whichever is longer, to determine the presumptive duration. A consecutive sentence at any other duration is a departure." At the sentencing hearing, and per the plea agreement, the district court used Crow's criminal-history score of seven to impose an 84-month consecutive sentence. Based on a mutual mistake between the parties and the district court, the district court believed that Minn. Sent'g Guidelines 2.F.2.b did not apply to separate sentences involving multiple victims.

Believing that it had followed the sentencing guidelines, the district court imposed an upward durational departure without making any findings to support the departure. And like in *Rannow*, the postconviction court here concluded that *Geller* controlled, in part because it was decided six months after *Lewis*.[4]

Because *Rannow* is a precedential decision and is not distinguishable, it binds this court and all lower courts. *See State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010) (stating that "[t]he district court, like this court, is bound by . . . the published opinions of

---

[4] The postconviction court further reasoned that *Geller* controlled because, the supreme court's decisions in *Coles* and *Johnson* did not cite this court's decisions in *Rannow* and *Amundson*. It relied on that omission as additional support for following *Geller*.

17

the court of appeals"), *rev. denied* (Minn. Sept. 21, 2010).  Thus, we must follow *Rannow* and affirm unless we agree with the state that *Rannow* was implicitly overruled by the supreme court decisions in *Johnson* and *Coles*.

**F.** **Because *Rannow* is inconsistent with *Johnson* and *Coles, it is* implicitly overruled by these supreme court decisions.**

Next, we consider whether the remedy announced in *Rannow* has been implicitly overruled by supreme court precedent in *Johnson* and *Coles*.  The state contends that following *Lewis*, *Coles*, and *Johnson*, when a defendant challenges a sentence imposed as part of a plea agreement, the district court is free to consider the state's motion to withdraw from the plea agreement and move forward to trial on the original charges.  The state urges us to overrule *Rannow*, contending that it was decided before, conflicts with, and cannot be reconciled with *Coles* and *Johnson*.  Because *Coles* and *Johnson* are Minnesota Supreme Court decisions, the question is not whether this court should overrule *Rannow*, but whether those decisions implicitly overruled it.

*Rannow* concluded that, under *Geller*, if the district court could not find substantial and compelling circumstances to support a departure, a reviewing court "must remand to the district court for imposition of the presumptive guidelines sentence." *Rannow*, 703 N.W.2d at 580.  More importantly, *Rannow* involved a case where there was a plea agreement in which the state dismissed multiple counts in exchange for a particular sentence.  Although *Rannow* acknowledged that *Lewis* allows the district court to consider the effect that changes in the sentence have on the entire plea agreement, it seemingly rejected this alternative remedy, believing that it was required to follow *Geller* as it was decided later in the same

18

year as *Lewis*. *Id.* But the conclusion that we reached in *Rannow*—that the imposition of a guidelines sentence is the only remedy available—is inconsistent with subsequent supreme court decisions.

After *Rannow*, the supreme court clarified that "where the sentence at issue is imposed as part of a plea agreement, a motion to change that sentence impacts more than simply the sentence." *Coles*, 862 N.W.2d at 481. It explained that the conviction and sentencing components of a plea are often "interrelated." *Id.* (quoting *Lewis*, 656 N.W.2d at 539). The court recognized that convictions are part of a negotiated agreement in which both parties receive significant benefit, and if a defendant succeeds in reducing their sentence, they retain the benefit of the reduced criminal charge, but the state no longer retains the benefit of a longer sentence. *Id.* Because of the interplay between the conviction and sentencing components, the court concluded that if the district court finds no compelling or substantial circumstances to support an upward departure in a sentence that was agreed upon in a plea agreement, the district court may consider motions to vacate the conviction and the plea agreement. *Id.*

Adopting the holding in *Coles*, the supreme court in *Johnson* similarly concluded that because the sentencing departure at issue was imposed as part of a plea agreement, and the appellant's requested relief—a sentence reduction—would alter the benefit of the bargain struck, appellant would retain the benefit he received under the plea agreement while the state would not. *Johnson*, 877 N.W.2d at 779. The supreme court held that in such a circumstance, the terms of the plea agreement are "essentially rejected" and that the district

19

court "would be free to consider whether to permit the State to withdraw from the plea agreement and move forward to trial on [the] original charges." *Id.*

As discussed above, *Rannow* is inconsistent with supreme court's opinions in *Coles* and *Johnson*. We are bound by supreme court precedent. *See State v. Curtis*, 921 N.W.2d. 342, 346 (Minn. 2018) ("The court of appeals is bound by supreme court precedent, as it has repeatedly acknowledged."); *See, e.g.*, *State v. Final Exit Network, Inc.*, 889 N.W.2d 296, 303 (Minn. App. 2016) ("We are bound by Minnesota Supreme Court precedent."), *rev. denied* (Minn. Dec. 19, 2016); *Citizens for a Balanced City v. Plymouth Congregational Church*, 672 N.W.2d 13, 20 (Minn. App. 2003) ("This court is bound by decision[s] of the Minnesota Supreme Court . . . ."). After *Rannow* was decided, the Minnesota Supreme Court issued its decisions in *Coles* and *Johnson*, holding that a district court may consider the state's motion to withdraw from a plea agreement when a sentencing departure imposed as part of that agreement is at issue and the defendant's requested relief would alter the benefit of the bargain. *Coles*, 862 N.W.2d at 481; *Johnson*, 877 N.W.2d at 779. That holding is inconsistent with this court's conclusion in *Rannow* that imposition of a guidelines sentence is the sole remedy where the state dismissed multiple counts in exchange for a particular sentence. Accordingly, *Coles* and *Johnson* implicitly overruled *Rannow*.

**G.** **The postconviction court abused its discretion by erroneously concluding that imposition of a guidelines sentence was the only remedy available when Crow's challenge to his sentence implicated more than the sentence.**

Having clarified that to the extent that *Rannow* is inconsistent with *Coles* and *Johnson*, the supreme court implicitly overruled *Rannow*, we now turn to the resolution of this appeal. The state argues that the postconviction court abused its discretion because its decision was based on an erroneous view of the law—following this court's reasoning in *Rannow*—that the only available remedy was the imposition of a guidelines sentence. Crow argues that *Geller* and *Lewis*, which were decided in the same year, created a split regarding the appropriate remedy when defendants receive unlawful departures imposed pursuant to plea agreements. And asserting that *Geller*, *Rannow*, *Amundson*, and *Arola Johnson* control, Crow maintains that the district court did not abuse its discretion in granting his postconviction petition, denying the state's motion to withdraw from the plea agreement, and resentencing Crow to a guidelines sentence. We agree with the state that the postconviction court's decision was based on an erroneous view of the law.

In its order granting Crow's petition for relief, the postconviction court rejected the state's motion to vacate the plea agreement. Relying on this court's reasoning in *Rannow*, *Amundson*, and *Arola Johnson*, the postconviction court concluded that if there are no reasons for departure stated on the record at the time of sentencing, the only appropriate remedy was to remand for imposition of a guidelines sentence. As discussed above, that is inconsistent with supreme court precedent in *Johnson* and *Coles*, in which it recognized

21

that a challenge to a sentence agreed upon as part of a plea agreement implicates more than the sentence.

At the time of the plea, Crow was charged with 48 counts of possession of pornographic works involving minors in two separate district court files. Pursuant to a negotiated plea agreement, Crow agreed to plead guilty to four counts of possession of pornographic works involving minors by a registered predatory offender—between the two files—in exchange for a specific, agreed-upon prison sentence of 220 months. In return for Crow's guilty plea and agreement to the 220-month sentence, the state dismissed the remaining 44 counts in those two files, as well as another separate file charging Crow with one count of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, and two counts of fourth-degree criminal sexual conduct.

As in *Coles*, Crow asserts that he challenges only his sentence and not the validity of his plea agreement. But his challenge to the sentence imposed as part of this negotiated plea necessarily implicates more than the sentence alone. *See Coles*, 862 N.W.2d at 481. Crow pleaded guilty to a substantially reduced number of charges with the express understanding that he would receive a 220-month prison term. Permitting Crow to now reduce that agreed-upon sentence would allow him to retain the benefit of the reduced charges while depriving the state of the benefit of its bargain—the agreed-upon longer sentence or convictions for multiple crimes and an even longer prison sentence. This is precisely the circumstance addressed in *Coles* and *Johnson*, in which the supreme court concluded that, if the district court reduced a sentence due to improper departure justifications, the court would be "free to consider the effect that changes in the sentence

22

have on the entire plea agreement." *Id.* (quotation omitted); *Johnson*, 877 N.W.2d at 779. Under *Johnson* and *Coles*, imposition of a guidelines sentence was not the only available remedy. Because the postconviction court "reduced [Crow's] sentence due to improper departure justifications . . . the [postconviction] court would be free to consider the effect that changes in the sentence have on the entire plea agreement." *Coles*, 862 N.W.2d at 481. Thus, we conclude that when a defendant challenges an impermissible consecutive sentence imposed as part of an agreed-upon sentence in a plea agreement, and the guidelines sentence would alter the benefit of the bargain, the district court may consider a motion to withdraw from the plea agreement and is not required to impose a guidelines sentence.

Accordingly, the district court abused its discretion in granting Crow's petition for postconviction relief because it erroneously relied on this court's reasoning in *Rannow* to determine that it did not have the discretion to grant the state's motion to withdraw from the plea agreement and failed to do so.

## II.    Crow's double-jeopardy claims are not ripe.

Lastly, Crow asserts that if the postconviction court granted the state's request to vacate his plea over his objection and retry him on the original charges, the postconviction court would violate the Double Jeopardy Clause. But because the postconviction court did not consider the state's motion to vacate the plea agreement, Crow's claim is hypothetical and therefore not ripe for adjudication. *See Growe v. Simon*, 2 N.W.3d 490, 499 (Minn. 2024) ("Issues which have no existence other than in the realm of future possibility are

23

purely hypothetical and are not justiciable. Such issues are not ripe for adjudication and so are not justiciable." (quotation and citation omitted)).

Even if Crow's double-jeopardy claims were ripe, Crow waived the privilege against double jeopardy by challenging his sentence. *See State v. Montermini*, 819 N.W.2d 447, 457-58 (Minn. App. 2012) (holding that a defendant who repudiates the express terms of a plea agreement waives the protection of the double-jeopardy prohibition). We therefore decline to consider Crow's double-jeopardy argument.

## DECISION

We conclude that the district court abused its discretion in granting Crow's petition for postconviction relief because the court erroneously relied on this court's reasoning in *Rannow* to determine that it did not have the discretion to consider the state's motion to vacate the plea agreement. To the extent that *Rannow* conflicts with the binding authority in *Coles* and *Johnson*, it has been implicitly overruled by that subsequently decided authority. Consistent with the supreme court precedent in *Lewis*, *Coles*, and *Johnson*, if the district court does not find substantial and compelling circumstances to support an upward departure in the sentence that was agreed upon in a plea agreement, it is free to consider motions to withdraw from the plea agreement. Because the district court abused its discretion in granting Crow's petition by failing to consider the state's motion to withdraw from the plea agreement, we reverse and remand for proceedings not inconsistent with this opinion.

**Reversed and remanded.**

24